## BILL SIMS v. STATE.

No. A-2151.    Opinion Filed March 13, 1915.

(146 Pac. 914.)

1. **EVIDENCE—Character Evidence—Admissibility.** The state cannot prove the bad character of a defendant until he has put his character in issue.

2. **WITNESSES—Impeachment—Examination.** On the proposition of impeaching the credibility of a witness for truth and veracity, the examination must be confined to the established rules as laid down in the books and by the courts, and not to the question of whether or not the accused has the reputation of having violated any specific statute or any other law.

3. **TRIAL—Issues—Reputation—Evidence.** In the trial of a criminal case the issue is singular, and is based upon the question, Did the accused commit the crime charged? and not upon the question, Has the accused the reputation of having committed the crime charged, or some similar crime?

(Syllabus by the Court.)

*Appeal from County Court, Pottawatomie County;*
*Hal Johnson, Judge.*

Bill Sims was convicted of violating the prohibitory law, and appeals. Reversed.

*Pitman & Goode,* for plaintiff in error.

*E. G. Spilman,,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Bill Sims, was convicted at the July, 1913, term of the county court of Pottawatomie county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $250 and imprisonment in the county jail for a period of 30 days.

There is only one assignment of error we find it necessary to discuss. This is based upon the proposition that the county attorney, over the objection and protest of the plaintiff in error and his counsel, attempted to impeach the reputation of the plaintiff in error without this issue having been raised by him. The record discloses the following proceedings:

"Q. What is your name? A. Park Wyatt. Q. Where do you reside? A. Tecumseh, Oklahoma. Q. State what official position you held, if any, during the year 1912. A. Assistant county attorney of Pottawatomie county. Q. Do you know the defendant, Bill Sims, in this case? A. Yes, sir. Q. How long have you known him? A. I do not know, Mr. Pitman. It has been some time. I have known him quite a while, and known him by reputation a good deal longer. Q. Acquainted with his general reputation prior to the 18th day of June, 1913, as to being a violator of the prohibition law or otherwise? Defendant objects, and asks the county attorney be reprimanded for that conduct. Sustained. The court orders the jury to retire from the court room in charge of the bailiff. The jury is ordered to return to the box. By the Court: Under this decision [*Wilkerson v. State*] the court will have to reverse its decision sustaining the objection. Objection overruled. Comes now the defendant and objects to this testimony concerning the character or reputation of defendant for the reason it is incompetent, irrelevant, and immaterial, and for the further reason it is not rebuttal, nor in response to any testimony brought out by defendant, and for the further reason that the defendant had no notice or knowledge of the state's attempt to use the present witness, or any other witness, on this phase of this case, and, if the court sustains the objection, the defendant asks for a continuance of this case until he can have witnesses here to testify on this phase of the question. Overruled. Defendant excepts.

Defendant further objects for the reason the name is not indorsed on this information, and renews his demand for a continuance on the ground of surprise. Defendant excepts. A. Yes, sir. Q. What is that reputation, Mr. Wyatt—good or bad? A. Bad."

In the case of *Kirk et al. v. State, ante,* 145 Pac. 307, discussing this identical question, we said:

"Where the purpose of testimony is to impeach a witness for want of truth and veracity, the inquiry and the answer must be as to his general character or reputation for truth and veracity in the community in which he resides, and testimony as to the general reputation of a defendant for being a bootlegger is incompetent to impeach the credibility of a defendant as a witness in his own behalf, or for any other purpose."

This character of examination could serve but one purpose and have but one effect—that is, to prejudice the minds of the jury, regardless of the merits of the question at issue. In the trial of a criminal case the issue is singular, and is based solely on the question, Did the defendant commit the crime charged? and not upon the question, Has the defendant the reputation of having committed the crime charged, or some other crime of similar nature?

On the authority of the Kirk case, *supra,* the judgment of the trial court is reversed, and the cause remanded for a new trial.

DOYLE, P. J., concurs. FURMAN, J., absent.