## CLARE RICHARDS AND JOE KNOBLE v. STATE.

No. A-2434.    Opinion Filed January 15, 1916.

(154 Pac. 72.)

1. **WITNESSES—Cross-Examination of Accused.** A defendant, by availing himself of the statutory privilege of becoming a witness in his own behalf, has voluntarily changed his status from defendant to witness, and consequently may be cross-examined within the usual boundaries, and thus be discredited and impeached.

2. **WITNESSES—Impeachment of Accused—Reputation.** Where the purpose of testimony is to impeach a witness for want of truth and veracity, the inquiry and answer must be as to his general character or reputation for truth and veracity in the community in which he resides, and testimoy as to the general reputation of a defendant for being a bootlegger is incompetent to impeach the credibility of a defendant as a witness in his own behalf, or for any other purpose.

*Appeal from County Court, Harper County;*
*A. H. Walker, Judge.*

Reversed and remanded.

*E. J. Dick* and *Malcolm W. McKenzie,* for plaintiffs in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiffs in error, Clare Richards and Joe Knoble, were convicted in the County Court of Harper county on an information which charged that they did have possession of intoxicating liquors, amount unknown, with the unlawful intent to sell the same. On the 8th day of February, 1915, judgment was rendered in accordance with the verdict of the jury. To reverse the judgment an appeal was perfected by filing in this court on April 5, 1915, a petition in error with case-made.

The attorney general has filed a confession of error as follows:

"In this case, having read through the record with care, and also having read the elaborate brief of the plaintiffs in error,

through their attorneys, we are forced under the recent decisions of this court, to confess error.

There was but one witness that testified as to the main facts on the part of the state, and he admitted that he was angry and more than that, offered to leave the jurisdiction of the court and not testify for the sum of $15.00. However, the jury found the defendants guilty under this testimony, and there is nothing showing that they were biased or prejudiced, further than they might have been influenced by the evidence.

But the error is that the defendants having taken the stand and testified in their own behalf, neither was asked anything about being a bootlegger. But other witnesses were brought in by the state, and two of them were asked if they knew defendants' character on the subject of bootlegging, and answered 'no.' Two others were brought in and to this question they answered yes, and that their character was bad.

Upon the decisions of this court, this is reversible error. *Kirk* v. *State,* 11th Okla. Cr. 203, 145 Pac. 307; *Sims* v. *State,* 11th Okla. Cr. 382, 146 Pac. 914."

Upon a careful examination of the record it is our opinion that the confession of error is well taken. The judgment herein is therefore reversed and the cause remanded.