## E. R. UPTON v. STATE.

No. A-2647.   Opinion Filed November 25, 1916.

(160 Pac. 1134.)

1.   **EVIDENCE—Character of Defendant.** The state cannot attack the character of a defendant unless he first puts that in issue by introducing evidence of his good character.

2.   **WITNESSES—Impeachment—Admissibility of Evidence—Character of Witness.** Where the purpose of testimony is to impeach a witness for want of truth and veracity, the inquiry and the answer must be as to his general character or reputation for truth and veracity in the community in which he resides, and testimony as to the general reputation of a defendant for being a bootlegger is incompetent to impeach the credibility of a defendant as a witness in his own behalf, or for any other purpose.

*Appeal from the County Court of Garvin County;*
*W. R. Wallace, Judge.*

E. R. Upton, convicted of a violation of the prohibitory law, appeals.   Reversed.

*Henry M. Carr,* for Plaintiff in Error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is prosecuted from a conviction had in the county court of Garvin county, in which plaintiff in error was found guilty of selling whisky to one W. D. Digby, and his punishment assessed at thirty days' confinement in the county jail and a fine of fifty dollars.

The errors assigned are that the court erred in permitting the state to introduce testimony to impeach the credibility of the defendant as a witness by permitting witnesses for the state to testify that the general reputation of the defendant was that of a bootlegger, and in giving the following instruction:

"Gentlemen of the Jury, the State in this cause has introduced testimony as to the general reputation of the defendant being a bootlegger. Such testimony, you are instructed, is admissible not for the purpose of proving him guilty of the specific offense charged in this case by the information, but for the sole purpose of affecting his credibility as a witness. Excepted to by defendant; exceptions allowed. W. R. Wallace, County Judge."

When the case was called for final submission the attorney general filed the following confession of error:

"E. R. Upton, plaintiff in error here and defendant below was informed against for selling whisky in the county court of Garvin county. He was tried and convicted. During the trial the state offered evidence as to his reputation in the community in which he lived as a bootlegger by two witnesses. One of the witnesses, indicated but never directly made an answer. The other said that his reputation in that line was bad. There were but two other witnesses in the case and their testimony went to the facts; and one of these witnesses was defendant and the other was the deputy sheriff who had informed against him.

The court in his charge instructed the jury on the question of going into the reputation of a bootlegger, and under the facts in the case we think it was very material, and was or might have been the cause of the defendant's conviction.

This court has recently said in *Kirk v. State,* 11 Okla. Cr. 203, 145 Pac. 307, that you cannot go into a man's character or reputation as a bootlegger; it also says the same thing in *Proctor v. State,* 8th. Okla. Cr. 537, 129 Pac. 77. But it laid down the doctrine in *Wilkinson v. State,* 9th Okla. Cr. 622, 132 Pac, 1120, which is as follows:

'Where the court says—the reason and philosophy of the law underlying the principle stated in the above cases, is that the character of the house is an element of the offense committed, for it is the advertisement of the owner, and assists him in committing the offense and is a source of revenue to him and the offense is continuous. But where a person is charged with an offense which is based upon one specific transaction, the question of character does not become an element of the offense, and therefore the general reputation of the defendant in such case is not admissible. This is the line of demarkation in which reputation is admissible and is not admissible.'

It is likely that the able judge who gave this instruction and permitted this testimony had in his mind the following cases:

*Hendrix v. State,* 4th Okla. Cr. 611, 113 Pac. 244;
*Anderson v. State,* 7th Okla. Cr. 493, 124 Pac. 86;
*Crawford v. Ferguson,* 5th Okla. Cr. 378, 115 Pac. 278, 45 L. R. A. (N. S.), 519.

These cases say that you may inquire of a man if he is not a bootlegger, and there they stop; they do not go into it, his general reputation on the subject.

To do this in the language of Bishop (New Crim. Pro. 2-1112):

'Bad character is never admissible in evidence against a defendant as ground for presuming guilt. This doctrine is absolute; thus, the evidence of stealing a horse cannot be reinforced by showing that the defendant is an associate of horse thieves.'

In the instant case the father and son were informed against for selling the same bottle of whisky. The son owned up and was fined, we presume; at least he plead guilty, and the defendant in the instant case is the father. We state this as one of the facts of the case and believe that the old man is technically guilty, but under the holdings of this court as cited above, we think there was error committed at the trial Most respectfully submitted.'

Upon a careful review of the record it is the opinion of the court that the confession of error is well taken and should be sustained. The judgment appealed from is therefore reversed.