### ANDY MUNSON v. STATE.

No. A-3997.    Opinion Filed Feb. 13, 1923.
(212 Pac. 438.)

(Syllabus.)

1.  **Evidence—When Defendant's Character Subject to Attack.** The state cannot attack the character of a defendant, unless he first puts that in issue by introducing evidence of his good character.

2.  **Same—Reputation not Issue of Case.** In the trial of a criminal case the issue is singular, and is based upon the question, "Did the defendant commit the crime charged?" and not upon the question, "Has the defendant the reputation of having committed the crime charged, or some similar crime?"

3.  **Trial—Erroneous Refusal of Instruction on Circumstantial Evidence.** When the evidence relied upon by the state is entirely circumstantial, it is error for the court to refuse to give a requested instruction on the law applicable thereto.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Andy Munson was convicted of a violation of the prohibitory law, and he appeals. Reversed.

J. H. Cline, for plaintiff in error.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for the State.

DOYLE, J. Under an information charging that in Cotton county, on the 29th day of March, 1921, Andy Munson did have in his possession five gallons of corn whisky with the intent then and there to sell the same, defendant was tried and convicted; his punishment being fixed at a fine of $100 and confinement for 30 days in the county jail. He has appealed from the judgment rendered upon such conviction.

In order to present the questions raised, we will state the evidence.

A. M. Black testified that he was deputy sheriff, and searched the defendant's place for liquor, and found a two-gallon jug about one-half full of corn whisky concealed under some trash on the bank of a creek near defendant's house; that the contents of the jug were poured out, and that none of the sheriff's force had measured the amount of liquor contained in the jug; that before the search defendant told him that he did not think they would find any whisky, and when the whisky was found defendant said he did not know that the jug was there.

Against defendant's objections witness further testified as follows:

"Q. At the time of the search, were you acquainted with the reputation of Mr. Munson as to whether he was handling, selling, or disposing of whisky on those premises? A. Well, I don't think he was ever accused of selling whisky when I lived in the neighborhood."

The next witness for the state, W. W. Bivins, against defendant's objections, testified:

"Q. I will ask you if you know what the reputation of Andy Munson is now and has been in the last few months in regard to him selling or disposing of liquor? A. No, I don't know anything about Andy; that is only general talk over the neighborhood.

"Q. What is the general talk of the neighbors or neighborhood? A. The general talk is that Mr. Munson has been mixed up with it some way.

"Q. Mixed up with what? A. With the handling of whisky or something."

J. M. Terrill, third witness called, against defendant's objections, was permitted to testify as follows:

"Q. I will ask you if you are acquainted with the reputation of Andy Munson in your community as to whether he handles whisky or not. A. Well, it is not very good reputation; at least I would not think so.

"Q. Just what is that reputation? A. That there has been more or less whisky being sold and drank around his place."

C. C. Powers, the fourth witness, against defendant's objection, was permitted to testify as follows:

"A. I will ask you if you are acquainted with his reputation at this time and in the near past as to whether or not he engages in the liquor traffic in the community. A. In general among the people his reputation is not very good in that line.

"Q. Is it, or not, that he handles liquor? A. I think so."

G. H. Glidwell, the only other witness, against defendant's objections, was permitted to testify as follows:

"Q. I will ask you if you know his reputation in that neighborhood as to his handling liquor. A. Yes, sir.

"Q. State what it is. A. His reputation is that he handles a little liquor."

The state rested, and the defendant asked the court to instruct the jury to return a verdict of acquittal, which was refused, exception reserved.

After a careful examination of the record, the conclusion of the court is that the judgment in this case cannot be permitted to stand. It has been repeatedly decided by this court that the fact that an offense has been committed cannot be proven by common rumor or general repute.

It is a fundamental principle of criminal law that the character of a defendant cannot be impeached or attacked by the state unless he puts his character in issue by introducing evidence of good character. Says Bishop:

"Bad character is never admissible in evidence against a defendant as ground for presuming guilt. This doctrine is absolute; thus, the evidence of stealing a horse cannot be reinforced by showing that the defendant is an associate of horse thieves." 1 Bishop's New Cr. Proc. par. 1112.

If it were the law that anything which has a natural tendency to lead the mind towards a conclusion that a person charged with crime is guilty must be admitted in evidence against him on the trial of that charge, the argument for the state would doubtless be hard to answer; but the law is otherwise. It is the law that a defendant in a criminal case is presumed to be innocent until the contrary is proved by competent evidence beyond a reasonable doubt. Whether the law in this respect is wise or unwise, whether it accords with human reason and experience, whether it affords too great protection to the criminal, or too little to society, are not questions with which we have to do. It is not the province of the courts to change and relax the rules of evidence in order to facilitate convictions in a particular class of offense. Until the lawmaking power intervenes and prescribes differently, the same rules of evidence must govern the trials of defendants in this class of offenses that govern in all other criminal trials. Kirk et al. v. State, 11 Okla. Cr. 203, 145 Pac. 307; Sims v. State, 11 Okla. Cr. 382, 146 Pac. 914; Richards v. State, 12

Okla. Cr. 224, 154 Pac. 72; Cantrell v. State, 12 Okla. Cr. 534, 159 Pac. 1092; Upton v. State, 12 Okla. Cr. 593, 160 Pac. 1134 It follows that the admission of evidence as to the general reputation of defendant was prejudicial.

The trial court refused to give the requested instruction, and failed to charge on the law of circumstantial evidence. Where, in a criminal case, circumstantial evidence solely is relied on for a conviction, it is error for the trial court to fail and refuse to instruct on the law applicable thereto when the defendant requests it. Kirk et al. v. State, supra. Under the evidence in the case the requested instruction, or one similar, should have been given.

Finally it is contended that the conviction is contrary to law and the evidence. Tested by the rules of circumstantial evidence, the testimony does not, in our opinion, prove possession, and, if sufficient to show possession, does not show an amount in excess of one gallon, and for this reason we think it was insufficient to overcome the presumption of innocence.

For the reasons stated, the judgment of conviction is reversed.

MATSON, P. J., and BESSEY, J., concur.