### W. E. HURST v. STATE.

No. A-4435.   Opinion Filed Oct. 18, 1923.
(219 Pac. 151.)

(Syllabus.)

1. **Poisons—General Reputation of House Where Narcotics Found not Element of Offense.** Where the accused is charged with one specific transaction—the illegal possession of a described quantity of narcotic drugs—not in the nature of a continuing offense, the character and general reputation of the place where the narcotics were found is not an element of the offense, and proof of such reputation is inadmissible.

2. **Arrest—For Felony Without Warrant, When Justified.** An arrest without a warrant where a felony has been committed and the officer had good cause to believe that such felony was committed by the person arrested held justified under the provisions of section 2471, Comp. St. 1921.

3. **Constitutional Law—Immunity from Unauthorized Search—Waiver.** The constitutional right to immunity from an unauthorized search may be waived.

Appeal from District Court, Creek County; Lucien B. Wright, Judge.

W. E. Hurst was convicted of the illegal possession of narcotic drugs, and he appeals. Reversed and remanded.

Davis & Frazier, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. W. E. Hurst, plaintiff in error, for convenience designated the defendant, was charged jointly with Sadie Hurst, his wife, with the unlawful possession of narcotic drugs. During the course of the trial the case was dismissed as to Sadie Hurst, and on January 20, 1922, a verdict of guilty was rendered against defendant W. E. Hurst, fixing his punishment at a fine of $5,000 and confinement in the penitentiary for a period of seven years. From this judgment he appeals.

The crime charged is a felony. A deputy sheriff who had personal knowledge that certain persons were habitual users of narcotic drugs, seeing them in conference on the streets of Sapulpa, followed one of them to the home of the defendant. The deputy sheriff then returned to the sheriff's office, and in company with two other officers returned to the home of the defendant, where they placed this defendant and his wife under arrest for the illegal possession of narcotic drugs. The officers made known their purpose to search for such drugs. The defendant denied having the narcotics, and said, "You can go ahead and raid.". The officers had no warrant for the arrest of the accused and no search warrant to search the premises. It appears probable that the arresting officer had a right to make the arrest because he knew that a felony had been committed and had reasonable cause to believe that the defendant had committed the offense. Section 2471, Comp. Stat. 1921, provides that this may be done without a warrant, as follows:

"A peace officer may, without a warrant, arrest a person:

"First. For a public offense, committed or attempted in his presence.

"Second. When the person arrested has committed a felony, although not in his presence.

"Third. When a felony has in fact been committed, and he had reasonable cause for believing the person arrested to have committed it.

"Fourth. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

When the defendant told the officer, "You can go ahead and raid," under the circumstances he may be considered to have waived his right to be immune from a search without a search warrant. Be that as it may, this judgment must be reversed for another reason.

Over the objections of the defendant, the state was permitted, both in the introduction of the evidence in chief and in rebuttal, to show that the general reputation of this house was bad for being a place where narcotic drugs were habitually kept and distributed. In a number of cases it has been held by this court that, where a defendant is on trial for keeping a house of ill fame, the fame or reputation of the house becomes an issue, or, where one is charged with maintaining a place where intoxicating liquors are sold, amounting to a nuisance, the character of the house or place kept is an element of the offense. And in such cases the general reputation of the house may properly be shown. Carrol v. State, 4 Okla. Cr. 242, 111 Pac. 1021; Smith v. State, 6 Okla. Cr. 380, 118 Pac. 1003; Ostendorf v. State, 8 Okla. Cr. 360, 128 Pac. 143; Putman v. State, 9 Okla. Cr. 535, 132 Pac. 916, 46 L. R. A. (N. S.) 593; Edmons v. State, 9 Okla. Cr. 603, 132 Pac. 923; Kirk v. State, 11 Okla. Cr. 203, 145 Pac. 307; Upton v. State, 12 Okla. Cr. 593, 160 Pac. 1134.

The reason for the rule is that, where one is charged

with keeping a place for the purpose of violating the law, the character of the place is an element of the offense; it is one of the methods used by the keeper for advertising purposes, an asset and source of revenue to him in his unlawful business. The offense charged in such cases is a continuous one. But this rule cannot be applied where a person is charged with an offense which is based upon one specific transaction. Then the question of character does not become an element of the offense, and therefore the general reputation of the defendant, whether of being a bootlegger, a prostitute, a panderer, or for having illegal possession of narcotics, is not admissible. And, where one is charged with having illegal possession of narcotics, a specific, single offense, the reputation of the house where the narcotics are found is likewise inadmissible.

The reasons for the inadmissibility of such evidence appear in this case. The house in question belonged to the defendant; it was also the home of his wife, the home of another negro woman, and the home of still another who lodged there. The narcotic drugs found may have belonged to any one of these persons, and it would be unfair to bolster up a suspicion against the accused owner of the premises by proving the reputation of the place as being a place where narcotic drugs were kept and distributed. It would be manifestly unfair to introduce such evidence against the others.

In the Carrol, Edmons, Smith, Putman, and Ostendorf Cases, cited above, the defendants were being prosecuted for keeping houses of ill fame. The fame and character of the houses were questions of fact for the jury. The Kirk Case was a prosecution for conveying intoxicating liquor, and the Upton Case for selling intoxicating liquor. In both of these cases it was held that, where the purpose of the testimony

is to impeach the witness, the reputation of the defendant for being a bootlegger is incompetent. The same rule would apply to excluding the reputation of the house where such offense was said to have been committed. With but few exceptions, it is a well-settled rule that, upon the trial of a defendant charged with a specific act, evidence of other like offenses committed by him is not admissible, and this case does not come within any of the exceptions to that rule. Proctor v. State, 8 Okla. Cr. 537, 129 Pac. 77.

It may be claimed that proof of the character of the defendant's house was equivalent to attacking the character of the defendant so far as it related to the possession or sale of narcotics. With this contention we do not agree; but, even conceding that it would so operate, the introduction of such evidence would be in violation of another rule, namely, that the character of the accused cannot be attacked until he himself puts his character in issue. In this case the record shows that before the defendant took the witness stand evidence of the house, as being a place where narcotics were kept and distributed, was introduced over the objections of the defendant. This was prejudicial error. Without such testimony the other testimony introduced pointed as much to the guilt of some other of the inmates of the house as it did to the guilt of the defendant, and this incompetent testimony probably caused the jury to render its verdict against the defendant.

The judgment of the trial court is reversed, and the cause remanded.

MATSON, P. J., and DOYLE, J., concur.