# R. E. GLOVER v. STATE.

No. A.-4107. Opinion Filed Nov. 12, 1923.
(219 Pac. 725.)

(Syllabus.)

1. **Intoxicating Liquors—Unlawful Possession—Reputation of Place to Prove Intent.** Where two gallons and one quart of intoxicating liquor are legally seized by public officers at a place of public resort, the general reputation of such place as being a place where intoxicating liquors are kept and sold may be shown, as tending to establish the intent of the person in charge of the place, where such person is charged with illegal possession.

    (a) Rule distinguished from that applying in cases where the offense consists of a single, distinct transaction, as the illegal sale to some designated person, or a specific illegal transportation.

2. **Same—Instruction as to Permitting Possession of Liquors.** A criticized instruction relating to "permitting other persons" to keep liquor on the premises examined, and held appropriate under the evidence.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

R. E. Glover was convicted of the unlawful possession of intoxicating liquor, and he appeals. Affirmed.

Wilkinson & Saye, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. The plaintiff in error, R. E. Glover, here designated the defendant, was on the 31st day of August, 1921, in the county court of Stephens county, found guilty of having had illegal possession of two gallons of whisky on the 14th day of June, 1921. The defendant was by the court sentenced to pay a fine of $100 and to serve a term of sixty days in the county jail. From this judgment defendant appeals to this court.

The evidence shows that the defendant had been in Duncan for a period of about six months prior to the trial; that soon after coming to Duncan, in addition to his employment as a service car driver, he owned and operated a sleeping tent. These public sleeping quarters were managed by the defendant and his wife until just a short time prior to his arrest, when he turned over this portion of his business to a Mr. Kelley, still retaining the ownership of the tent. The defendant continued to lodge there and to look after the business in Mr. Kelley's absence.

I. B. Gossett, chief of police of the town of Duncan, testified that he went to this place and found the defendant in charge, and searched the place with the consent of the defendant, who told the officer that the place belonged to him and to go ahead and make the search; that upon searching he found two gallons of whisky hidden in a nail keg covered with old clothes, and at another place in the tent a quart of whisky; that the place was a public rooming house, or resort—a place where divers persons were in the habit of congregating. Another officer who accompanied the chief of police testified to practically the same state of facts. Both testified in their examinations in chief that the place or resort bore the reputation of being a place where intoxicating liquors were kept and sold, contrary to the law.

The defendant says that he had no previous knowledge that this particular whisky there found by the officers was on the premises, and that he knew nothing of the ownership or the purpose for which it was kept.

The defendant complains that the testimony of these officers and others, to the effect that this place or resort had a general reputation of being a place where intoxicating liquors were illegally kept and sold, was inadmissible and

prejudicial. With this contention we cannot agree. In the case of Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557, it was held that, where the evidence discloses the possession of intoxicating liquors in a place of business, and where the crime charged is the unlawful possession of such liquors with intent to sell, the general reputation of such place as a place where intoxicating liquors are kept for sale is admissible upon the question of intent. If the charge had been a specific sale or a specific transportation, the rule would be different. Hurst v. State, 25 Okla. Cr. 2, 219 Pac. 151. Where an element of the offense is the intent with which the liquor found was kept, the general reputation of the place where it was kept is admissible to corroborate direct testimony indicative of such intent.

It is argued by counsel for defendant that this rule should not apply to a public rooming house or sleeping quarters, such as was shown in evidence here; that the reputation of such a place as being a place where intoxicating liquors were sold would not operate as an asset to the business or an advantage to the owner of the place. We fail to see the force of this argument. If it were well and commonly known that intoxicating liquors could be purchased at such a place it might materially enhance the popularity of the place with the tippling element of the community, or with transient patrons who frequently make inquiry for such a resort. Indeed, it could easily be carried to such a length that the keeping of roomers would become an incident only to the business of illegally disposing of intoxicating liquors.

Defendant complains of the language used in one of the instructions, namely:

"The law of this state provides that keeping in excess of one quart of any spirituous, vinous, fermented, or malt

liquors, or any imitation thereof or substitute therefor, or in any manner permitting any other person to have or keep any such liquors in or about his place of business shall be prima facie evidence of an intention to violate the prohibitory liquor laws.''

This language is fairly declarative of the law found in the statute—

''Or in any manner permitting any other person to have or keep any such liquors in or about his place of business.'' Comp. St. 1921, § 6999.

We conclude, therefore, that the evidence relative to the general reputation of the place where the liquor was found, shown to be a place of public resort, was admissible; that there was an issue of fact fairly before the jury as to the ownership of the liquor, and the purpose of the owner's possession thereof, and that the finding of the jury upon that issue should not be disturbed, and that the instruction complained of fairly stated the law of prima facie evidence of illegal possession.

The judgment of the trial court is therefore affirmed.

MATSON, P. J., and DOYLE, J., concur.