## TOM HILL v. STATE.

No. A-4507. Opinion Filed April 19, 1924.
Rehearing Denied May 10, 1924.
(224 Pac. 736.)

(Syllabus.)

**Intoxicating Liquors—Evidence—General Reputation of Place of Offense.** The general reputation of a public place as being a place where intoxicating liquors are kept and sold may be shown, as tending to establish the intent of the person maintaining the place, where such person is charged with illegal possession at a place of business. The rule would be otherwise where the accused is charged with a specific illegal sale.

Appeal from County Court, Nowata County; R. M. Godfrey, Judge.

Tom Hill, plaintiff in error, was, by information filed in the county court of Nowata county, on October 24, 1921, charged with having in his possession certain intoxicating liquor, with the unlawful intent to sell, barter, or give away the same, contrary to law. At the trial he was found guilty as charged.

In this appeal three reasons are urged as grounds for setting aside the verdict of the jury: First. Incompetency of certain testimony. Second. That the evidence is insufficient to support the verdict. Third. Irregularity in the selection of jurors.

As touching the alleged incompetency of evidence, the state's witness was asked these questions:

"Q. Do you know anything about the reputation of Tom Hill's place up there, as to whether it is a place where intoxicating liquor can be obtained? A. Yes, sir.

"Q. What is that reputation, is it good or bad? A. Bad."

Under former holdings of this court this character of inquiry has been held to be proper in a case where one is charged with illegal possession at a place of public resort. In the

case of Glover v. State, 25 Okla. Cr. 227, 219 Pac. 725, it was held that the general reputation of a place as being a place where intoxicating liquors are kept and sold may be shown as tending to establish the intent of the person maintaining the place, where such person is charged with illegal possession at a place of business or public resort. To the same effect is the case of Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557.

But one witness was introduced on the part of the state, and no evidence was introduced on behalf of the accused. The witness for the state testified that he was a deputy sheriff in Nowata, and that he, in company with two federal officers went to the place of business of the accused in South Coffeyville, located near the Kansas-Oklahoma line; that as they approached this place of business the accused was standing in the door with his hands behind him; that witness commanded him to hold up his hands; that the accused threw a bottle containing whisky over his head; that the witness recovered the bottle and a portion of the contents and knows that it was whisky; that the accused admitted that the place of business belonged to him.

It was shown that this place of business was fitted up as a short order lunch room, with bar fixtures on one side and a lunch counter on the other. The officers found two other bottles containing traces of whisky, and on and behind the bar they found some whisky glasses, empty bottles, and a funnel; other bottles were found lying about the place which, upon examination, showed that they had contained whisky. These facts, together with other circumstances shown, indicate that the charge was sufficiently supported by the testimony.

The claim that the jury was irregularly impaneled is not borne out by the record.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.