### CHRIS WIEDERKEHR v. STATE.
No. A-4441.   Opinion Filed July 26, 1924.
(227 Pac. 893.)

(Syllabus.)

Evidence—Proof of Distinct Offense at Another Time Inadmissible. Where one is charged with a single, specific offense of the possession of a particular quantity of intoxicating liquor, at a place not used as a public resort, proof of a separate, distinct offense at another time is inadmissible. The accused cannot be compelled to defend against other offenses having no connection with the offense charged.

Appeal from County Court, Noble County; E. W. Jones, Judge.

Chris Wiederkehr was convicted of the illegal possession of intoxicating liquor, and he appeals. Reversed and remanded.

J. Earle Smith, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. Chris Wiederkehr, plaintiff in error, defendant below, was on April 25, 1922, in the county court of Noble county, convicted of the illegal possession of one quart of whisky, with the unlawful intent to sell or dispose of the same. His punishment was assessed at a fine of $100 and confinement in the county jail for a period of 100 days.

No briefs have been filed by either party. Ordinarily, where the defendant fails to support his appeal by filing a brief in this court the court will affirm the judgment of the trial court, unless a cursory examination of the record discloses fundamental error, prejudicial to the rights of the defendant. In this case the reason assigned for not filing a brief is the poverty of the defendant.

This conviction was based upon evidence showing that the defendant had lately moved to the farm where the whisky involved was found, hidden in the ground in a freshly cultivated potato field, that a short while previous another tenant had been in possession of this land, and that he had gathered the potatoes and harrowed the ground afterwards. At the time of the discovery of the whisky by the officers the defendant was not at home. Later, when apprised of its discovery and seizure, the defendant denied knowing anything about the whisky, disclaimed its ownership or any intent to sell.

The state, over the objection of the defendant, to show illegal intent, was permitted to establish by two young men, brothers, that they together some time previous to the time

of the offense here charged, had purchased from the defendant a gallon of corn whisky; the county attorney admitted this evidence of prior possession and sale was obtained from these witnesses by promises to them of immunity from prosecution on a liquor charge.

Under no rule of evidence was such testimony admissible in this case. The proof of defendant's possession was circumstantial, making the admission of this incompetent, hired evidence highly prejudicial. The jury may have convicted the defendant for the offense charged, or for the other offense as narrated by these two brothers, or upon general principles, as being a person who was in the habit of violating the prohibitory laws.

Where one is charged with a single, specific offense of the possession of a particular quantity of intoxicating liquor, at a place not used as a public resort, the general reputation of the person charged, or the place where such liquor is seized, it is not admissible to show intent, or for any other purpose. Much less, then, would proof of a separate, distinct offense be admissible. Every defendant has a right to be confronted with a definite accusation in writing, charging but one offense; and when placed on trial he cannot be compelled to defend against other offenses having no connection with the offense charged. This is fundamental, requiring no citation of authority to support it.

Nor do the circumstances in this case bring it within any exception to the rule above stated. Unless some prior offense is directly connected with or explanatory of the offense charged, the proof of the former offense cannot be introduced as tending to show motive. To require a defendant to thus defend himself against one or more offenses not named in the accusation would be in violation of the provisions of the bill of rights of the Constitution. It would be

manifestly unfair if the rule were otherwise, because in that event the accused could not know in advance what charge he would be called upon to meet, and there would be no opportunity to make a defense concerning a charge of which he had no knowledge prior to that time and no advance knowledge of its scope or nature.

It has been held by this court that in cases like this the general reputation of the place or the person involved in a single transaction (a specific sale or a single act of possession) cannot be shown, unless the place be a place used as a public resort. Glover v. State, 25 Okla. Cr. 227, 219 Pac. 725; Hurst v. State, 25 Okla. Cr. 102, 219 Pac. 151.

In these cases the court points out when evidence of general reputation may be admitted. Here no attempt was made to prove such reputation. Such proof would not have been admissible, under the circumstances, and much less were specific, separate acts.

It seems apparent that the verdict in this case must have been, in part at least predicated upon the testimony of these hired witnesses—testimony manifestly incompetent.

The judgment of the trial court is therefore reversed, and the cause remanded.

MATSON, P. J., and DOYLE, J., concur.