## JACK SMART v. STATE.

No. A-4468. Opinion Filed Sept. 12, 1924.
(228 Pac. 611.)

(Syllabus.)

**Evidence—When State May Attack Character of Accused.** The state cannot attack the character or reputation of a defendant, unless he first puts that in issue by introducing evidence of his good character.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Jack Smart was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed and remanded.

James H. Mathers, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered on the verdict of a jury finding Jack Smart guilty of unlawful possession of corn whisky, and fixing his punishment at a fine of $50 and confinement in the county jail for 45 days.

The errors assigned relate to ruling of the court in the admission of alleged improper evidence and question the sufficiency of the evidence to support the conviction. The state relies on the testimony of two witnesses to sustain the conviction.

J. H. McKenzie testified that he was constable of Morgan township; that he went to defendant's home in the oil fields

300 yards west of the town of Zita; that he searched the house and found a quart of whisky in a cupboard in the kitchen, and found some fruit jars that had a little whisky in them, a little less than a spoonful; that defendant was not at home and he left word with his wife for him to come in, and defendant came in the next day; that 200 or 300 yards southwest of the house they found several sets where stills had been.

Against defendant's objection, he further testified as follows:

"Q. Do you know the general reputation of Mr. Smart? A. Yes, sir.

"Q. Do you know his reputation with regard to liquor business? A. Bootlegger. (Exception reserved.)"

G. B. Salyer, deputy sheriff, testified:

"We had a search warrant for the place; we searched the place—McKenzie and two others; I searched around on the outside; two of them went on the inside; they found a quart of whisky in the house; I did not find anything; looked like a couple of fruit jars had been buried in the smokehouse; through the woods about a quarter of a mile from the house we found three places looked like whisky had been cooked off."

Against defendant's objection, he further testified as follows:

"Q. Do you know his general reputation with relation to liquor? A. The general talk is he handles whisky, is a bootlegger. His reputation is that he handles whisky. (Exception reserved.)"

The state rested, and defendant asked the court to advise the jury to return a verdict of acquittal, which the court refused to do. Exception allowed.

The defendant, as a witness in his own behalf, testified that he moved up from Ranger, Texas, in April, and bought the house and lot, and he and his family were living there when it was searched; that he had the quart of whisky there for medical purposes, for his wife, who was sick; that he had no intent or desire to give away, sell, or otherwise furnish it to others; that his wife had kept her milk in the ground in the smokehouse to keep it cool, and that no whisky was ever kept there since he purchased the place, except the quart he then had in his home for medicine for his sick wife; that he did not know anything about the three places near Zita that the officers testified about; that was not on his place; that he never did make any whisky; that he worked putting in casing in the oil fields for four or five years; that he had never before been arrested or convicted.

It is a fundamental principle of criminal law that the character of a defendant cannot be impeached or attacked by the state, unless he puts his character in issue by introducing evidence of good character.

It has been repeatedly decided by this court that the fact that an offense has been committed cannot be proved by common rumor or general repute, and it is prejudicial error for the court to admit evidence of the general reputation of a defendant for the commission of the same or similar crimes to the one charged. Kirk v. State, 11 Okla. Cr. 203, 145 Pac. 307; Cantrell v. State, 12 Okla. Cr. 534, 159 Pac. 1092; Munson v. State, 23 Okla. Cr. 64, 212 Pac. 438; Morris v. State, 26 Okla. Cr. 399, 224 Pac. 377.

It follows that the court erred in admitting evidence of the general reputation of the defendant, as to being a bootlegger. We do not deem it necessary to consider the other assignments of error.

For the errors indicated, the judgment of the lower court is reversed, and the case remanded.

MATSON, P. J., and BESSEY, J., concur.