NEWT LUNCEFORD v. STATE.

No. A-4592.     Opinion Filed Oct. 13, 1924.

(229 Pac. 304.)

(Syllabus.)

**Intoxicating Liquors—General Reputation as Being Vendor of Liquor Inadmissible.** Proof, in support of a charge of a specific act of illegal possession of intoxicating liquor, tending to show that the accused has the general reputation of being an illicit vendor of liquor is inadmissible.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Newt Lunceford was convicted of the illegal possession of intoxicating liquor, and he appeals. Reversed and remanded.

J. H. Mathers, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. In the county court of Carter county, Newt Lunceford was convicted of having in his possession, with intent to sell, certain intoxicating liquor. At a trial to a jury he was convicted, and his punishment fixed at confinement in the county jail for a period of 30 days and a fine of $50.

The evidence discloses that three officers went to the residence of the defendant, armed with a search warrant, and that they there found two quarts of whisky and two quarts of beer, in four different containers, at different places in the house. The defendant says that he had it for his own use and that he did not have it for sale or for any unlawful purpose.

A part of the testimony of one of the officers who assisted in making the search and seizure is as follows:

"Q. Do you know Newt or Cork Lunceford, whichever he is called? A. I do.

"Q. How long have you known him? A. Since January or February of last year.

"Q. Do you know the reputation of Mr. Lunceford in that community as being a man who sells whisky? His general reputation?

"Mr. Mathers: Incompetent, irrelevant, and immaterial.

"The Court: Overruled.

"Mr. Mathers: We except.

"A. I know his reputation.

"Q. You say you know that reputation? A. Yes.

"Q. What is it, good or bad? A. Bad."

The reception of this testimony over the objection of the defendant was prejudicial error. It has been held by this court that proof in support of a penal charge, consisting of a specific act not continuous in its nature, showing that the accused has the general reputation of being a person who had habitually committed like offenses is inadmissible, as distinguished from proof of the reputation of a place constituting a public nuisance, and one or two other exceptions. Smart v. State, 27 Okla. Cr. 433, 228 Pac. 611, and cases therein cited; Hurst v. State, 25 Okla. Cr. 102, 219 Pac. 151; Glover v. State, 25 Okla. Cr. 227, 219 Pac. 725; Thompson v. State, 9 Okla. Cr. 525, 132 Pac. 695.

The judgment of the trial court is reversed, and the cause remanded.

MATSON, P. J., and DOYLE, J., concur.