## F. M. McPHETRIDGE v. STATE.

No. A-4964.    Opinion Filed April 6, 1925.
(234 Pac. 785.)

(Syllabus.)

1. **Intoxicating Liquors—Unlawful Possession—Evidence Insufficient.** In a prosecution for illegal possession of intoxicating liquor, to wit, Choc beer, evidence held insufficient to support the verdict.

2. **Evidence—Character of Accused Subject to Attack Only After Being Put in Issue by Him.** The state cannot attack the character or reputation of a defendant, unless he first puts that in issue by introducing evidence of his good character.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

F. M. McPhetridge was convicted of having possession of intoxicating liquor, and he appeals. Reversed and remanded.

R. C. Roland, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. Appellant was convicted under an information charging that on June 27, 1923, he unlawfully had in his possession intoxicating liquor, "to wit, 16 gallons of Choctaw beer," with the unlawful intent to barter, and sell the same, and in accordance with the verdict he was sentenced to pay a fine of $50 and be confined in jail for 30 days. To reverse the judgment he appeals and assigns as error rulings of the court in admitting incompetent evidence and in refusing to give requested instructions, and that the verdict is contrary to the law and the evidence.

J. W. Ginn, deputy sheriff, testified that, with Deputy Jesse Dunn and Constable Oscar Simpson, he visited the place where appellant and his daughter lived, one mile north of Lone Grove, and in executing a search warrant they searched the house and found a "16-gallon keg of Choc beer"; that he went for a fruit jar to get some to have it analyzed; that the defendant's daughter, Mrs. Bill Price, was there, and when he returned the keg was turned over; that the officers took the keg "and busted it up."

Jesse Dunn, deputy sheriff, and Oscar Simpson, constable, testified in substance to the same facts as did the witness Ginn.

The defendant moved to strike all the testimony with reference to the search and seizure, for the reason that the same is incompetent, because the officers had no authority to search the place. The motion was supported by the testimony of D. W. Butcher, justice of the peace of Ardmore township, who testified that he could not find the affidavit upon which he issued

the search warrant. The search warrant with the return thereon was introduced in evidence, showing that the same issued on the affidavit of John W. Ginn, deputy sheriff, against F. D. McPhetridge, and the business house of said F. D. McPhetridge, situated in Carter county. This motion was denied.

For the defense, Mrs. Spencer McPhetridge testified that her home was five miles east of Ardmore and the defendant's. Her father-in-law had made his home with them for several months prior to his arrest.

Sallie McPhetridge testified that she lived with her mother and was at home when the officers searched the house; that the keg seized was one that her mother was preparing to use in putting up cucumber pickles; that her father had not lived there for several months, but came there that day before the officers; that she saw John Ginn with the keg, but did not know who emptied it.

Marildy May, wife of the defendant, testified that she was in Ardmore that day, and the keg seized by the officers was one she had soaked up to pickle cucumbers in, which she had bought from Mr. Webb and Mr. Palmer; that defendant had not lived at her house for nearly two years.

As a witness in his own behalf, the defendant testified that since he and his wife separated he made his home with his son Spencer most of the time; that he visited Bill Price, his son-in-law, who lived near his wife and daughter, and the next day the officers came to his wife's place; that he was past 60 years and never made any Choc beer in his life, and never was convicted of selling or manufacturing intoxicating liquors.

In rebuttal, John W. Ginn testified that he intend-

ed the search warrant for this defendant. Against the defendant's objections, he further testified as follows:

"Q. John, how long have you known the defendant? A. Known him about three years.

"Q. You know the reputation in the community in which he lives as being a man who handled intoxicating liquor? A. Yes, sir.

"Q. Reputation good or bad? A. Bad."

The defendant renewed his motion to strike the testimony, and this motion was denied.

After a careful consideration of the record, our conclusion is that the judgment should be **reversed.** Viewing all the testimony in the case as competent and admissible, it is apparent that it is insufficient to support the verdict. The testimony is insufficient to show possession by the defendant of the keg in question and its contents. There is no testimony to show that the contents of the keg was intoxicating liquor, or that the liquid in question contained as much as one-half of 1 per cent. alcohol.

The rule is well settled that the state cannot attack the character or reputation of the defendant unless he puts that in issue by introducing evidence of his good character. Smart v. State, 21 Okla. Cr. 433, 228 P. 611; Jenkins v. State, 28 Okla. Cr. 249, 230 P. 293.

It follows that the court erred in admitting evidence of the general reputation of the defendant as being a man who handles intoxicating liquor.

We do not deem it necessary to consider the other assignments of error.

For the errors indicated, the judgment of the lower court is reversed and the cause remanded.

BESSEY, P. J., concurs.

EDWARDS, J., absent.