### C. S. GRUBBS v. STATE.

No. A-4983.    Opinion Filed May 6, 1925.
(235 Pac. 1115.)

(Syllabus.)

1.    Evidence—Accused's Character not to be Attacked Unless He First Introduces Evidence of Good Character. The state cannot attack the character of the defendant, unless he first puts that in issue by. introducing evidence of his good character.

2.    Intoxicating Liquors—Permitting Evidence of Accused's General Reputation for Commission of Similar Crimes Prejudicial Error. It is error prejudicial to the rights of the defendant on trial for the court to permit evidence of the general reputation of the defendant for the commission of the same or similar crimes to the one charged.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

C. S. Grubbs was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

Wilkinson & Hudson, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that on April 29, 1923, C. S. Grubbs did have in his possession about two gallons of whisky, with the unlawful intent to sell the same. On the trial the jury returned a verdict, finding him guilty, and fixing his punishment at a fine of $100 and confinement for 30 days in the county jail. From the judgment he appeals.

Chester Nation, city marshal of Haileyville, testified that he saw the defendant riding a horse with a sack across the horse; that it was a moonlight night and he could see distinctly a block ahead; that he tried to stop the defendant, and he refused to stop and rode on, and witness drove his car around another way and intercepted him two blocks away; that he saw the defendant throw something into a ditch; that he searched the defendant with a flash light and found nothing at that time; that he found a sack containing a half gallon jar of whisky in the ditch and the next day arrested the defendant.

Over objection and exception by the defendant the trial court permitted the witness to testify that he knew the general reputation of this defendant as being a man who sells whisky, and that it was bad. The court also permitted, over objections and exceptions by the defendant, witnesses W. E. Gocher and J. B. Dowell to testify that they knew the general reputation of the defendant as being a man who handles intoxicating liquors, and that it was bad. At the close of the state's testimony there was a motion for a directed verdict, which motion was denied.

The defendant testified that he had been to Harts-horne, trading horses, and returned to Haileyville in the company of Charley Blackard; that he rode to the water trough near the Telephone Exchange to water his horse and from there started home; that Chester Nation intercepted him at the railroad crossing and searched him, that was the first time that he saw Nation that night; that, if Nation had tried to intercept some one with a sack across the horse, it was not witness; that he did not have any whisky in his possession on the night of April 29th.

Of the various errors assigned, we deem it only necessary to consider the one that the court erred in admitting the testimony relating to the reputation of the defendant. The rule is well settled that the state cannot attack the character of a defendant, unless he first puts that in issue by introducing evidence of his good character.

In Cantrell v. State, 12 Okla. Cr. 534, 159 P. 1092, it is said:

"It is a doctrine as old as free government that men who are placed upon trial charged with the violation of criminal statutes are to be tried for the offense alleged against them and are not to be tried upon a reputation for having committed similar or kindred offenses. The issue in a criminal case is single, and is always based upon the question: Is the defendant at the bar guilty of the offense charged against him in the information? and not, has he the reputation of being guilty of similar or other offenses againt the laws of this country?"

In Kirk v. State, 11 Okla. Cr. 203, 145 P. 307, it is said:

"If it were the law that everything which has a natural tendency to lead the mind towards a conclusion that a person charged with crime is guilty must be admitted in evidence against him on the trial of that charge,

the argument for the state would doubtless be hard to answer; but the law is otherwise. It is the law that a defendant in a criminal case is presumed to be innocent until the contrary is proved by competent evidence beyond a reasonable doubt. Whether the law in this respect is wise or unwise, whether it accords with human reason and experience, whether it affords too great protection to the criminal, or too little to society, are not questions with which we have to do. It is not the province of the courts to change and relax the rules of evidence in order to facilitate convictions in a particular class of offenses. Until the lawmaking power intervenes and prescribes differently, the same rules of evidence must govern the trials of defendants in this class of offenses that govern in all other criminal trials.

"It follows that evidence of the general reputation of the defendants as to being bootleggers was incompetent to impeach the credibility of the defendants as witnesses, or for any other purpose. Its admission was therefore prejudicial to the substantial rights of the defendants." And see Richards v. State, 12 Okla. Cr. 225, 154 P. 72; Upton v. State, 12 Okla. Cr. 593, 160 P. 1134; Kirby v. State, 25 Okla. Cr. 330, 220 P. 74, 33 A. L. R. 1212.

There are other errors in the record which need not be noticed.

For the errors indicated, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.