# HARVE WORLEY v. STATE.

No. A-4935. Opinion Filed Oct. 9, 1925.
(239 Pac. 683.)

John A. Goodall, for plaintiff in error.

The Attorney General and Fred Hansen, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, defendant in

the trial court, was convicted of the sale of one-half pint of whisky. His punishment was assessed at 90 days in jail and a fine of $300.

Felix Sanders testified that he purchased three pints of whisky from the defendant at a certain barn in Stilwell. There was no other direct testimony of the sale.

Upon the question of sale the defendant testified in his own behalf as follows:

"Q. Mr. Worley, you heard Felix Sanders testify about the alleged purchase from you on the 20th of December, last year. Did you sell Felix Sanders any whisky? A. No, sir.

"Q. Do you remember of seeing him on that day? A. Well, I think I did; yes.

"Q. What called your attention to this particular day? A. Well; he and some other fellows were drunk there in the barn, Mr. Harper's barn, and I come through the barn, and Ferguson came and arrested some of the fellows—one fellow named Thacker—and threw them in the city jail."

The defendant offered no evidence as to his character or reputation. On rebuttal, over the objections of the defendant, the state was permitted to show by two deputy sheriffs that the defendant had the general reputation throughout the county of being a bootlegger. So well established that a citation of authorities is unnecessary is the rule that the commission of a particular crime by an accused person cannot be shown by common rumor or general reputation. Furthermore, the state cannot attack the character or reputation of a defendant unless the latter first puts it in issue by introducing evidence of good character. Upton v. State, 12 Okla. Cr. 593, 160 P. 1134.

A defendant in a criminal case who testifies in his own behalf may, for purposes of impeachment, be cross-

examined as other witnesses, but cross-examination as to separate and distinct transactions is not permissible.

Where one charged with the illegal sale of a half pint of whisky testifies that he did not make that particular sale, he waives the right to be immune from examination as to any matter that will shed light on that particular transaction, but this waiver does not extend to evidence concerning other distinct crimes of a similar nature. 28 R. C. L. 621.

In this regard there is a distinction between the evidence that may be elicited from any ordinary witness and a defendant testifying as a witness in his own behalf. Inquiries concerning character and reputation may tend to disgrace or discredit an ordinary witness without prejudice to the defendant except as they minimize the weight of the testimony on which the defendant relies; but where, as in this case, the accused takes the stand and testifies in his own behalf, but without putting his character in issue by introducing evidence of good character, proof of a bad reputation as being a bootlegger would have the inevitable effect of leading the jury to believe that he is probably guilty of the particular sale of liquor charged, based upon his general reputation. Grubbs v. State, 30 Okla. Cr. 256, 235 P. 1115; Upton v. State, supra; 28 R. C. L. 620.

Even where it is proper to inquire into the general moral character of a defendant witness for the purpose of impeachment, it is improper to inquire into the causes producing a reputation of bad character. The inquiry should be general and not specific. If specific it would amount to an investigation as to particular acts of misconduct not at issue in the prosecution. 28 R. C. L. 623.

It is clear that a witness in a larceny case should not be permitted to testify that the defendant had the

reputation of being a thief; for the same reason a witness in a bootlegging case should not be permitted to testify that the defendant has a bad reputation as being a bootlegger. Where a defendant is charged with an offense based on one specific transaction, the question of character is not an element of the offense, and evidence of the general reputation of the defendant is inadmissible unless he himself puts it in issue. Upton v. State, supra; Grubbs v. State, supra; Thompson v. United States, 30 App. D. C. 352, 12 Ann. Cas. 1004; State v. Shockley, 29 Utah, 25, 80 P. 865, 110 Am. St. Rep. 639; State v. Gleim, 17 Mont. 17, 41 P. 998, 31 L. R. A. 294, 52 Am. St. Rep. 655.

An ordinary witness may be impeached by showing his general reputation as a bootlegger, this being a business that involves moral turpitude, and affects his credibility as a witness only; but this is not true with the defendant where he is a witness, except where he himself puts his reputation in issue by offering evidence as to his good character. The dictum to the contrary in Wilkerson v. State, 9 Okla. Cr. 662, 132 P. 1120, is condemned.

For the reason stated, the judgment of the trial court is reversed and the cause remanded.

DOYLE and EDWARDS, JJ., concur.