# BILL FOLEY v. STATE

No. A-5023.   Opinion Filed Oct. 17, 1925.
(240 Pac. 147.)

Don Cameron and D. E. Ashmore, for plaintiff in. error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the state.

BESSEY, P. J. By verdict of a jury in the superior court of Okmulgee county the plaintiff in error was found guilty of having illegal possession of intoxicating liquor, with his punishment fixed at imprisonment in the county jail for a term of six months, and to pay a fine of $500.

This defendant and a companion were apprehended in the nighttime by officers along the railroad tracks near Henryetta, each having under his arm a gallon jar said to contain whisky. As the officers approached the two men ran, threw the jars, and broke them on the railway track. The officers said they knew it was whisky by its odor; one of them also recovered and tasted a small quantity of the

liquid remaining in one of the broken fragments of a jar. When asked by the officers why they broke the jars, one of the men replied: "Didn't want to get caught with it."

Three assignments of error are urged: First. That the proof that it was whisky was insufficient. Second. That there was insufficient proof of intent to violate the prohibitory law. Third. That a showing of bad reputation and evidence tending to show the commission of other offenses was improperly admitted.

That the contents of these jars was whisky might properly be established by the senses by tasting it, seeing it and from the odor emanating from it, or by attending circumstances. In this case all of these contributed to its identification, and it was sufficiently shown to be whisky.

The intent to violate the prohibitory law may be shown by direct evidence or by circumstances. The declaration of the defendants that they broke the jars to destroy evidence, and the fact that they were apprehended in the act of transporting liquor under circumstances which indicated that it was had for an illegal purpose, were sufficient evidence of an unlawful intent to go to the jury, and their finding on that issue will not be disturbed by this court.

In the course of the examination of a witness for the state this question was propounded by the county attorney:

"Q. Do you know of your own knowledge the reputation of these fellows as to peddling whisky, or in the way of giving away or otherwise furnishing intoxicating liquors? (To this question an objection was interposed by defendant).

"The Court: If he knows of his own knowledge he may answer.

"The County Attorney: I allowed I could go back as far as two years.

"The Court: I want to look this up. Sustained for the present."

The record shows that the question was not answered. To another witness this question was propounded:

"Q. I will ask you, if, since your acquaintance with the defendants, or either of them, you have had occasion to search either of them and find whisky in their possession? A. No, sir."

It will be observed that the question first quoted was not answered, and that to the second question a negative answer was given favorable to the defendant; and the state was bound by that answer.

The direct and circumstantial evidence shown in the record convinces us that this defendant was guilty as charged beyond a reasonable doubt; and that the penalty prescribed by law should be in some degree enforced against him. We are inclined to believe, however, that the attempt made by the county attorney to show a bad reputation and the commission of other violations of the prohibitory law may have led the jury to believe that the defendant was an old offender, and may have caused them to assess the extreme penalty. Without reciting in detail all of the record indicative of the inference that the defendant was an old offender, the record does show that the inference might properly be deduced from the testimony given and sought to be introduced, and to that extent it was unfair to the defendant. Worley v. State, 31 Okla. Cr. 253, 238 P. 225; Grubbs v. State, 30 Okla. Cr. 256, 235 P. 1115; Upton v. State, 12 Okla. Cr. 593, 160 P. 1134.

The judgment of the trial court is modified to a fine of $250 and 90 days in jail, and as so modified is affirmed.

DOYLE and EDWARDS, JJ., concur.