CHARLEY WYRICK et al. v. STATE.

No. A-5704. Opinion Filed April 16, 1927.
(255 Pac. 163.)

116

Jas. A. Embry, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Lincoln county on a charge of selling whisky, and each sentenced to pay a fine of $400 and to serve a term of 60 days in the county jail.

The information alleged the offense to have been committed on or about April 1st. At the opening of the trial, the county attorney asked leave to amend the information to allege the selling of liquor during the months of February, March, and April. During the course of the trial, the state, over the objection of defendants, introduced evidence tending to prove various violations of the prohibitory liquor law by defendants as to sales, to the having unlawful possession of liquor, and to the transportation of liquor. No single violation of the law is relied upon, but the proof is to different offenses at different times. At the close of the trial the court instructed the jury generally, but did not fix any particular date or particular violation of the law as a basis for a conviction. It is fundamental that, where a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence showing him guilty of the offense charged, and proof of separate and distinct offenses is incompetent and inadmissible, unless such evidence is admissible to show motive, intent, or some

recognized exception. Certainly, where the state charges a particular sale of intoxicating liquor, it is error to admit proof of other sales. Smith v. State, 5 Okla. Cr. 67, 113 P. 204; Appleby v. State, 11 Okla. Cr. 284, 146 P. 228; Miller v. State, 13 Okla. Cr. 176, 163 P. 131, L. R. A. 1917D, 383; Stanfield v. State, 30 Okla. Cr. 82, 235 P. 256.

In addition to the errors in the admission of evidence, the state attacked the character of one of the defendants, without the defendant having introduced evidence of good character. This was error. Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; McPhetridge v. State, 30 Okla. Cr. 41, 234 P. 785; Grubbs v. State, 30 Okla. Cr. 256, 235 P. 1115.

Further, there is no proof of venue. There is evidence that the defendants and the witnesses for the state resided in Lincoln county, but no evidence that the transactions referred to occurred in that county. A county attorney in the trial of cases should inform himself on the fundamental rules of evidence and not inject into the record matters obviously incompetent and inadmissible. Litchfield v. State, 8 Okla. Cr. 164, 126 P. 707, 45 L. R. A. (N. S.) 153; Groh v. State, 30 Okla. Cr. 396, 236 P. 435; Hunter v. State, 6 Okla. Cr. 446, 119 P. 445.

For the reasons assigned, the case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.