## HENRY HILDEBRAND v. STATE.

No. A-6099.   Opinion Filed Sept. 24, 1927.
(259 Pac. 601.)

Wieck & Armstrong, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of selling intoxicating liquor, and was sentenced to pay a fine of $250 and to serve 90 days in the county jail.

There is evidence, although it is not overwhelming, which, under the holding of this court, that the weight and credibility of the evidence is for the jury, is sufficient to sustain the verdict. The defendant, however, offered testimony that he was not at the place of the sale at the

time charged, sharply conflicting with the evidence for the state. The principal contention argued is that the court admitted incompetent evidence prejudicial to defendant, without which the defendant would not have been convicted. This assignment of error is directed to testimony offered by the state that the Oxford Rooms, in the town of Tonkawa, where the sale is alleged to have taken place, bore a bad reputation as a place where intoxicating liquors were sold.

Where a defendant is prosecuted for maintaining a place where intoxicating liquors are unlawfully kept for the purpose of violating the prohibitory law, the reputation of the place as one where intoxicating liquors are kept and sold may be shown. The offense in such case is a continuous one, and the character of the place is an element of the offense, it being said that this constitutes a method by the keeper for advertising purposes and as an asset and source of revenue to his unlawful business. Hurst v. State, 25 Okla. Cr. 102, 219 P. 151; Glover v. State, 25 Okla. Cr. 227, 219 P. 725; Hill v. State, 27 Okla. Cr. 73, 224 P. 736.

Where, however, the offense charged is not a continuing offense, the character and reputation of the place where the offense is charged to have been committed is not an element and is not admissible. Where the offense charged is based upon a single specific transaction, such as a transporting or a sale, the general reputation of the defendant or the reputation of the place where the offense is charged to have been committed is not admissible. Tindell v. State, 18 Okla. Cr. 721, 196 P. 555; Hill v. State, supra.

Without this incompetent evidence the jury might not have found defendant guilty. After the admission of this evidence the trial judge evidently concluded that he had erred in admitting it and attempted to instruct

the jury to disregard it by his instruction No. 6, as follows:

"You are further instructed in this case that the court permitted Witnesses Hodges, Rader, and Long to testify in rebuttal as to the reputation of the Oxford Rooms, the place where it is alleged in the information that the defendant sold to Carl Lembacker one pint of whisky. Said testimony was to the effect that the witnesses were acquainted with the general reputation of the Oxford Rooms as to being a place where intoxicating liquors were kept, sold, and given away, and that the reputation was bad. You are instructed not to consider this testimony in arriving at your verdict, for the reason that there was no testimony by the defendant, or his witnesses, that the said Oxford Rooms was a place where whisky was not kept for sale or given away."

This attempt to strike out the evidence seems to place the burden on the defendant to prove that the Oxford Rooms was not a place where whisky was kept for sale. To say the least, it is confusing and ineffective.

For the reason assigned, the case is reversed and remanded.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.