## ISHMAN BYRNS v. STATE.

No. A-8958. Dec. 20, 1935.
(53 Pac. [2d] 293.)

J. N. Fortner, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of McCurtain county of burglary in the second degree, and was sentenced to serve a term of four years in the state penitentiary.

At the time charged, a store building in the town of Broken Bow was broken into and burglarized. Defendant and one Red Henson were charged with the crime. Just before daylight on that morning, Red Henson, accompanied by defendant, who was his son-in-law, came to the Henson home, Henson carrying a bag containing some of the property taken in the burglary, which, over her protest, he delivered to his wife, Myrtle Henson, who took it away from the home and deposited it in some undergrowth, where it was recovered that day. The defense was alibi. Defendant had previously been convicted of a felony in connection with stolen property.

It is first argued the court erred in not permitting defendant to prove the home of Myrtle Henson bore the reputation of being a bootlegging joint. The question is not directed to the general reputation of the place, but the inquiry is merely to its reputation. Since Myrtle Henson was a housewife, living with her husband, who presumably was the head of the family, her reputation as a witness could not be impeached in this manner. There was no error in excluding this testimony. The case is not within the rule announced in Hendrix v. State, 4 Okla. Cr. 611, 612, 113 Pac. 244; Hurst v. State, 25 Okla. Cr. 102, 219 Pac. 151.

Defendant also argued that the court erred in permitting the introduction of hearsay testimony. This is directed to the testimony of the witness Stevens, who said

with reference to finding the stolen property that he was informed of the place where it had been secreted by one Marlow West. This is of no particular consequence, and in any event it was first brought out by defendant's counsel that West made this statement and it was then again gone over by counsel for the state in cross-examination. The contention is without merit.

Upon the examination of the entire record, we find no material error and no reason for this court to interfere with the judgment.

The case is affirmed.