CLEVE MORRIS v. STATE.

No. A-4533. Opinion Filed April 2, 1924.
(224 Pac. 377.)
(Syllabus.)

Evidence—When State May Attack Character of Accused. The state cannot attack the character of a defendant unless he first puts that in issue by introducing evidence of his good character.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Cleve Morris was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

W. N. Redwine, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   Appellant, Cleve Morris, was convicted on a charge that he did have in his possession about 7½ gallons of whisky, with the unlawful intent to sell the same and his punishment fixed at 60 days in jail and a fine of $150. From the judgment entered on the verdict, he appeals.

The assignments of error relate to the rulings of the court in the admission and exclusion of evidence and the sufficiency of the evidence taken as a whole to sustain the verdict.

The evidence offered by the state tended to prove the following facts: That J. B. Dowell, special officer in the Indian Service, and two other officers went to appellant's house with a search warrant, and found his wife and three children there.   J. B. Dowell served the search warrant on appellant's wife and searched the place, but did not find any intoxicating liquors.   They then followed a trail in a ravine on the side of the mountain, and at the head of the ravine, about 500 yards from appellant's house found some rock furnaces; about 75 yards further on they found a 30-gallon galvanized boiler concealed in the brush; 50 yards further on they found 7 barrels that had contained mash; and there scattered around in different places they found 7½ gallons of whisky covered with brush and leaves.   The witness Dowell further testified as follows:

"Q. Do you know his (defendant's) reputation for violating the liquor laws?

"Mr. Redwine: Object to that as incompetent, irrelevant, and immaterial.

"The Court: You must confine yourself to that time and community?

"Q. Was that on the 26th day of May this year?

"Mr. Redwine: We still object.

"The Court: Unless you qualify your question to the community where he resides.

"Q. That's in the community where he resides? A. Yes, sir.

"Q. Is that good or bad?

"Mr. Redwine: Same objection.

"The Court: Overruled.

"A. Bad."

On the part of the defense, Horace Ricketts testified that he lived with his father 3 miles west of the Tie, and Cleve Morris had been working for his father and lived in the house upon which the search warrant was executed for about a month before the officer served the search warrant; that before appellant moved into the house, which was owned by a man in Okmulgee, a man by the name of Cook and his wife, a brother, and stepfather occupied the house for about six months, and they did not work during that time; that witness saw the old boiler up in the ravine before appellant moved there, and had seen a man by the name of Johnnie Williams carrying meal up there.

W. D. Ricketts testified to substantially the same facts, and that he had seen Johnnie Williams and Cook both with whisky coming from the mountain.

As a witness in his own behalf, Cleve Morris testified that he and his family had occupied the house for about a month before the officers came there; that he had formerly lived at Blanco; that he had been working for Mr. Ricketts and had never been up on the mountain until after his home

was searched; that he knew nothing about the still or the barrels or the whisky, and never did have anything to do with them; that he never was in jail in his life.

Error is assigned on permitting the questions to be asked and answered concerning defendant's reputation for violating the liquor law.

The precise question here presented was determined by this court in the case of Kirk v. State, 11 Okla. Cr. 203, 145 Pac. 307, holding that the state cannot attack the character of a defendant unless he first put that in issue by introducing evidence of his good character. In the opinion it is said:

"It is a fundamental principle of criminal law that the character of the defendant cannot be impeached or attacked by the state, unless he puts his character in issue by introducing evidence of good character."

Says Bishop:

"Bad character is never admissible in evidence against a defendant as ground for presuming guilt. This doctrine is absolute; thus, the evidence of stealing a horse cannot be reinforced by showing that the defendant is an associate of horse thieves." 1 Bishop's New Cr. Proc. par. 1112.

And we hold:

"The fact that an offense has been committed cannot be proved by common rumor or general repute."

It is not clear that this incompetent evidence did not turn the scale against appellant. Its admission was therefore prejudicial to his substantial rights.

We do not deem it necessary to consider the other assignments of error. The judgment of the trial court is accordingly reversed.

MATSON, P. J., and BESSEY, J., concur.