## ED TODD v. STATE.

No. A-5068.   Opinion Filed June 1, 1925.
(236 Pac. 437.)

(Syllabus.)

1.   Evidence—When State May Attack Accused's Character.   The state cannot attack the character or reputation of a defendant unless he first puts that in issue by introducing evidence of his good character.

2.   Same—Intoxicating Liquors—Admitting Evidence of General Reputation for Commission of Similar Crime Prejudicial Error. It is error, prejudicial to the rights of a person on trial, for the court to permit evidence of the general reputation of such person for the commission of the same or similar crimes to the one charged. And testimony as to the general reputation of a defendant as to being a man who sells whisky is incompetent to impeach the credibility of the defendant as a witness in his own behalf or for any other purposes.

Appeal from County Court, Carter County; A. J. Hardy, Judge.

Ed Todd was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed and remanded.

Pardue & Davis, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Carter county, May 26, 1923, defendant, Ed Todd, "did unlawfully sell intoxicating liquor, to wit, one pint of whisky to A. C. Clevenger." A trial was had thereunder, and the defendant was found guilty as charged in the information, the punishment assessed at a fine of $250 and confinement in jail for 90 days. To reverse the judgment he appeals.

A. C. Clevenger testified that he bought a pint of whisky and paid $2.00 for it from Ed Todd; that it was between 10 and 11 o'clock at night; that about 5 minutes

afterwards he was arrested by D. Bell, and he told him where he got it to keep from going to jail.

W. J. Clevenger, brother of prosecuting witness, testified that he saw the defendant sell the pint of whisky to his brother, but did not know what his brother paid for it.

D. Bell testified that he saw A. C. and W. J. Clevenger and Bunk Allen get into a car and start towards Hewitt, and he followed them. Bunk Allen was driving, and they started running; that somebody in the back seat threw a pint of whisky out, and he arrested them, and then he turned them loose and went back and arrested the defendant, Ed Todd.

The testimony of the defendant in his own behalf is as follows:

"I am not acquainted with the Clevengers, but I saw them at a dance that night; I did not sell them any whisky. I went to the dance about 8 o'clock with Jim Gant, constable, and stayed there until about 12:30 and returned home with John Allen. It is about a mile and a quarter from where I live to John Savage's where the dance was."

Leora Todd testified in support of the defendant's alibi, and said that Mr. Bell came there about an hour after her husband returned and arrested him.

Of the various errors assigned, we deem it only necessary to consider the one, that the court erred in permitting the state to introduce testimony to impeach the credibility of the defendant as a witness by permitting witnesses for the state to testify that the general reputation of the defendant was that of a man who sells intoxicating liquors.

In rebuttal, the state recalled D. Bell, and, against the defendant's objections, he testified as follows:

"Q. How long have you known Mr. Todd? A. I guess something like 2 years.

"Q. Do you know his general reputation in the community in which he lives as a man who sells whisky? Are you acquainted with his reputation? A. I am.

"Q. Good or bad? A. Bad."

The defendant moved that the jury be instructed to disregard the testimony and the county attorney be reprimanded for asking such question.

The Court: Overruled.

Walter Holden was called, and testified as follows:

"Q. Do you know Ed Todd? A. Yes, sir.

"Q. Do you know his general reputation in the community in which he lives as a man who sells and handles intoxicating liquors? A. Yes, sir; I know.

"Q. Is it good or bad? A. Bad."

The defendant moved the court to strike the question and reprimand the county attorney, for the reason the defendant has not put his reputation in issue in this case.

The Court: Overruled.

By numerous decisions of this court, it is held that the state cannot attack the character of a defendant unless he puts his character in issue by introducing evidence of good character. Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Sims v. State, 11 Okla. Cr. 382, 146 P. 914; Cantrell v. State, 12 Okla. Cr. 534, 159 P. 1092; Upton v. State, 12 Okla. Cr. 593, 160 P. 1134; Salyer v. State, 25 Okla. Cr. 443, 221 P. 118.

A person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent.

For the errors indicated, the judgment of the lower court is reversed, and a new trial awarded.

BESSEY, P. J., and EDWARDS, J., concur.