## J. C. BROWN v. STATE.

No. A-5099.　Opinion Filed June 24, 1925.
(237 Pac. 141.)

Pardue & Davis, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The information in this case charged that in Carter county, May 21, 1923, J. C. Brown did "have in his possession certain intoxicating liquor, to-wit, one-half pint of whisky, with the unlawful intent to sell the same."

On the trial the jury returned a verdict, finding him guilty as charged in the information, and fixing the penalty at a $500 fine and confinement in the county jail for six months.   To reverse the judgment rendered on the verdict he appeals, and alleges that the evidence is wholly insufficient to sustain the verdict and judgment, and that certain testimony was erroneously admitted.

D. Bell, deputy sheriff, testified that at 8 o'clock in the evening of May 21, 1923, he was out behind a store building in Dillard, standing in the shadow of a henhouse, and saw the defendant, J. C. Brown, reach down under the corner of the building and get something; that Bob McCand and Bill Brown were standing there; that he shot his flashlight on the defendant as he threw and broke a soda pop bottle, and he found a little whisky in the broken bottle and arrested the defendant; that the defendant denied he had anything to do with the bottle.

The testimony was admitted against the objection of the defendant that the same had been obtained without a search warrant, or a warrant for the arrest of the defendant.   The state rested and the defendant moved for a directed verdict, on the ground that the state had failed to establish facts sufficient to constitute a public offense.   The motion was overruled.

The testimony of the defendant in his behalf is as follows:

"I started to go to bed.   I had some chickens out there,

and some kids had been fooling around there, and I went to look into the chicken house. Mr. Bell stepped out and flashed his light on me and told me to stop or he would shoot me or something like that. I said, 'Don't shoot me; I haven't done anything.' Then he searched me. There were three or four others standing around there. The next morning he came and arrested me."

Bill Brown testified that he was the defendant's nephew; that he saw D. Bell pick up a broken bottle and walked up to witness, stuck it right up under his nose, and said that he might want him as a witness on this case, and he said, "All right"; that he did not see J. C. Brown there at the time.

In rebuttal the state called Bob Short, deputy sheriff, Dock Holder, and W. M. Combs, and asked each of these witnesses: "Do you know the general reputation of J. C. Brown as a man who handles whisky?" Against the defendant's objection each answered, "Yes, sir."

The defendant moved that the testimony of each witness be stricken, for the reason that the defendant has not put his reputation in issue in this case, and that the jury be instructed to disregard the same. Which motion was overruled.

It was prejudicial error to admit this testimony. The state cannot attack the character of the defendant, unless he puts his character in issue by introducing evidence of good character. See Todd v. State, 30 Okla. Cr. 410, 236 P. 437, and cases collated.

The motion to strike the evidence for the state, for the reason stated, should have been sustained.

The judgment of the lower court is reversed, and the cause remanded, with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.