## R. E. PITCHER v. STATE.

No. A-5044. Opinion Filed Nov. 25, 1925.
(241 Pac. 199.)

G. L. Bynum and C. J. Pinkston, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that in Okmulgee county, January 12, 1923, the defendant, R. E. Pitcher, did have in his possession one gallon of whisky with the unlawful intention of selling the same. On October 15, 1923, a trial was had and the jury returned their verdict, finding the defendant guilty as charged in the information, and fixing his punishment at a fine of $500 and confinement in the county jail for six months. To reverse the judgment rendered on the verdict he appeals. The errors assigned question the sufficiency of the evidence to sustain the verdict and that the court erred in admitting incompetent and prejudicial evidence.

C. W. Boots testified that with the sheriff of the county he searched the defendant's home in Henryetta and found about a gallon of whisky under the steps of the house. Against the defendant's objections he further testified as follows:

"Q. Do you know of your own knowledge as to the defendant being in the booze business?

"The Court: He can testify of his own knowledge as to the reputation of the premises.

"A. Nothing more than I had complaints about the case is all.

"The Court: Objection sustained. The reputation cannot be shown until you first lay a predicate.

"Q. Go ahead and tell what you know of your own knowledge. A. All I know is I have searched the place before, and found a still when I searched the place before.

"The Court: Objection sustained; not that it is prejudicial, but not responsive.

"Q. Do you know, of your own knowledge, as the premises being a place where people resort to for the purpose of drinking intoxicants. A. I don't know of my own knowledge."

The testimony of John Russell, sheriff, is substantially that given by the witness Boots. At the close of the state's case there was a motion for a directed verdict on the ground that the evidence was insufficient to warrant a conviction, which was overruled.

As a witness in his own behalf the defendant testified that at the time he was a miner, living in Henryetta, with his wife and two small children; that at present he is farming 12 miles from Tulsa; that the whisky found by the officer belonged to him, there being about three quarts; that he did not have it for the purpose of violating the law, and never did sell any whisky.

In rebuttal, Jim Stormont, chief of police at Henryetta, called as a witness, testified against the defendant's objections as follows:

"Q. How long have you known the defendant, Roy Pitcher? A. Ten or twelve years.

"Q. Do you know his general reputation in that community as to being a bootlegger?

"The Court: Objection overruled.

"A. I heard that he was handling whisky.

"Q. Do you know of your own knowledge the general reputation of the defendant in this community as to being a bootlegger?

"The Court: Objection overruled.

"A. Why, yes; I heard that he handles whisky.

"Mr. Bynum: Move to strike the answer.

"The Court: Sustained.

"Q. Do you know the general reputation of the defendant as to being a bootlegger, in the community, as long as you have known him, for 10 or 12 years?

"The Court: Objection overruled.

"A. I found whisky at his place.

"Q. Do you know that reputation? A. Yes; I told you.

"Q. Is it good or bad? A. They say he handles whisky; that's what I told you."

It has been repeatedly decided by this court that the state cannot attack the character of a defendant, unless he puts his character in evidence by introducing evidence of good character. Kirby v. State, 25 Okla. Cr. 330, 220 P. 74, 33 A. L. R. 1212; Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Upton v. State, 12 Okla. Cr. 593, 160 P. 1134; Todd v. State, 30 Okla. Cr. 410, 236 P. 437; Lunceford v. State, 28 Okla. Cr. 120, 229 Pac. 304, and cases cited.

A person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should

not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent.

We are also of the opinion that there was no competent evidence tending to show the unlawful intent which is an essential element of the offense charged.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded. with directions to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.