## JAKE HALES v. STATE.

No. A-5979. Opinion Filed March 10, 1928.
(264 Pac. 918.)

R. H. Galyen, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted on a charge that he did willfully, unlawfully, knowingly, and wrongfully manufacture a certain compound mixture, to wit, 72 pints of a certain common compound mixture commonly known as "home brew" fit for the manufacture of beer and other alcoholic liquors, the sale, barter, giving away, and otherwise disposing of which is prohibited by the laws of the state of Oklahoma, and his punishment fixed at 30 days in jail and a fine of $175.

The fifth assignment of error relates to an error committed by the trial court in admitting evidence as to the character of the defendant.   The evidence offered by the state tended to prove the following facts:

S. E. Cook testified that he went to the defendant's house with a search warrant; there was no one at home, and they went around the house to the barn, and on around to the west side of the house, where they found three cases of beer; I did not know whether to take it or not, and phoned Judge Morris, and told him what I had found, and he said it was all right, if I had a proper search warrant.

Mr. B. F. Suitor, in substance, testified to the same facts as S. E. Cook.   This is all the testimony that was introduced.   In the examination in chief, over the objection of the defendant, the court permitted the county attorney to ask the witness S. E. Cook the following questions:

"Q.   I will ask you, Mr. Cook, if you are acquainted with the reputation of the defendant in the community in which he lives as being connected or not with the illicit manufacture and sale of liquor?

"By Mr. Galyen:   We object; you cannot put defendant's reputation at issue, unless done so by defendant himself.

"By the Court: You can't as to his character, or honesty, but you can as to his reputation as being connected in the illicit liquor business; it is admissible. (To which ruling of the court defendant excepts and exceptions are by the court allowed.)

"A. Yes; I am.

"Q. Is it good or bad. A. Bad."

Where the defendant is charged with a specific offense as in this case, it is a fundamental principle of criminal law that the character or reputation of the defendant cannot be impeached or attacked by the state, unless he puts his character in issue by introducing evidence of good character. The precise question here presented was decided by this court in the case of Kirk v. State, 11 Okla. Cr. 203, 145 P. 307. In the opinion it is said:

"It is a fundamental principle of criminal law that the character of the defendant cannot be impeached or attacked by the state, unless he puts his character in issue by * * * evidence of good character."

Again the court says:

"The fact that an offense has been committed cannot be proved by common rumor or general repute." Cleve Morris v. State, 26 Okla. Cr. 399, 224 P. 377.

The admission of this incompetent evidence may have turned the scale against the defendant. Its admission was prejudicial to his substantial rights. There are other errors assigned, but in the view we take of this record it is not necessary to consider them.

The judgment of the trial court is reversed.

DOYLE, P. J., and EDWARDS, J., concur.