## HERBERT SCOTT v. STATE.

No. A-7415.  Opinion Filed June 5, 1930.
(288 Pac. 999.)

A. J. Stevens, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter caller the defendant, was convicted in the county court of Woods county, on a charge of conveying and transporting intoxicating liquor, and sentenced to pay a fine of $50 and costs, and be imprisoned in the county jail for 30 days. From which judgment the defendant has appealed.

The state, to sustain the allegations, called Charles Johnson, who was a deputy sheriff. He stated that "about the middle of the afternoon on January 26, 1929, I drove out near the Hatfield Dam and stopped; there were three or four cars there; I saw the defendant Scott coming from down below the dam." The record further discloses that the witness Johnson stated, "When Scott tells you that I shot at him, he lied, and that is all there is to it." Further in his testimony he states: "I knew he was a bootlegger, has been a bootlegger all his life, that is all he has done." This statement disclosed the feeling of the deputy sheriff toward the defendant, and was an improper statement. The defendant objected to the statement of the witness, and the court stated the jury will disregard this statement, but in view of the fact that the jury heard the statement of the officer, it is difficult to believe that the jury would disregard such a statement.

It is only deemed necessary to consider the testimony of the witness Johnson wherein he put the character of the defendant in issue. It has been repeatedly held by this court that the state cannot attack the character of the defendant in the first instance, but where the defendant puts his character in issue by introducing evidence of his good character, the state may then offer rebuttal evidence to impeach his good character. Pitcher v. State, 32 Okla. Cr. 322, 241 Pac. 199; Morris v. State, 26 Okla. Cr. 399, 224 Pac. 377; Harris v. State, 39 Okla. Cr. 4, 262 Pac. 700.

In this case the defendant had not introduced evidence of his good character, and the statement of this witness put in issue the defendant's reputation as a bootlegger, and was prejudicial to the rights of the defendant.

For the reasons stated herein, the judgment is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.