**R. H. BEWLEY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–13347.**

Court of Criminal Appeals of Oklahoma.

June 30, 1965.

Rehearing Denied Aug. 2, 1965.

Holly L. Anderson, Robert L. Wheeler, Tulsa, George L. Hill, McAlester, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

The plaintiff in error, R. H. Bewley, hereinafter referred to as the defendant, as he appeared in the trial court, was tried before a jury in the district court of Tulsa County, Oklahoma for the commission of the crime of embezzlement. The jury found defendant guilty, and fixed his punishment at five years in the State Penitentiary.

Defendant has perfected his appeal to this Court. In his motion for a new trial, defendant cites ten assignments of error. In his brief he treats those ten assignments under four general propositions.

The State alleged, and proved to the satisfaction of the jury, that the defendant embezzled the sum of $1227.00, the property of the Tulsa Independent School District No. 1. This act occurred while defendant was serving as Director of Maintenance for the School District.

It was shown by the State that certain surplus scrap metal was sold for cash to the Bankoff Pipe and Supply Company, in Tulsa; and, that the cash money, which was delivered to defendant on October 30, 1961, was never turned in for deposit with the School District Treasurer.

The record in this case is quite lengthy, and goes into detail concerning the financial operations of the School District; the procedures of the Bankoff Pipe and Supply Company as they relate to the purchase of scrap metal; and other operations of the School District, as well as other transactions. The principle item of this trial is that which concerns the $1227.00 collected for the sale of scrap metal on October 30, 1961. This amount is evidenced by the accumulation of the Bankoff Supply Company "weight slips". The weight slips served as receipts for the delivery and purchase of the scrap metal.

During the proceedings of this trial, the prosecution inquired extensively into the activities of the defendant. Some of these included: his home; its construction; the construction of his swimming pool; the handling of other surplus property items; and the status of defendant's bank account, compared to his salary, as well as his other means of financial support.

The defendant's first proposition is: "Error of the Court in admitting incompetent evidence of other purported offenses alleged to have been committed by the defendant at other times and with other parties

than the offense charged in the information, to which said ruling of the Court allowing the introduction of said evidence the defendant duly excepted."

In support of this proposition, defendant recites some thirty-seven pages of testimony, taken from the record, which was developed in the cross-examination of the defendant. To support this position, the defendant cites Roulston v. State, Okl.Cr., 307 P.2d 861. However, the rule relied upon by the defendant, which is laid down in the Roulston case, is not applicable to the case at bar. That rule concerned evidence which was admitted into the record in an effort to convict the defendant, on the robbery charge for which he was being tried.

We believe the rule laid down in McCluskey v. State, Okl.Cr., 372 P.2d 623, is more applicable to the case at bar, which rule is also stated in the Roulston case. In the McCluskey case, the defendant was charged with the crime of embezzlement. In that case this Court stated the following exception to the general rule of evidence, which is applicable to the case at bar:

"Evidence of separate and similar offenses is admissible when it is material and proper to show (1) Motive, (2) Intent, (3) Absence of mistake or accident, (4) Identity of the person charged with the commission of the crime for which an accused is put on trial, and (5) Common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other."

This Court found that the other acts testified to, in the McCluskey case, were sufficiently related to the embezzlement, with which the defendant was charged, that they fall within those exceptions, and said: " * * * they tend to establish a systematic scheme and were proper for the jury to consider in connection with the charge contained in the information." We find the same situation to exist in the case at bar.

With reference to the exception to the general rule, we find the following statements, which refer to the admission of evidence introduced in chief, in this type of trial:

In Fitzgerald v. State, 85 Okl.Cr. 376, 188 P.2d 396, this Court said:

"The difficulty concerning this type of evidence does not lie in the understanding of the rule, but in the application thereof. * * *

"It further appears that in the application of the exceptions to the rule greater latitude is allowed in the admissibility of this class of evidence in some types of crime which by their peculiar nature involve the question of intent, guilty knowledge and scheme and plan such as embezzlement."

The testimony, of which the defendant complains, was developed on cross-examination of the defendant. Regarding the cross-examination of a witness, Wharton's Criminal Evidence, Vol. 3, at page 266, states:

"Cross-examination to impeach, diminish, or impair the credit of the witness is not confined to matters brought out on the direct examination. The witness may be cross-examined as to collateral matters not embraced in the direct examination to test credibility and veracity."

Later, at page 269, Wharton's Criminal Evidence recites:

"The extent of cross-examination to discredit a witness is within the court's discretion, and is not subject to review except for a clear abuse of discretion."

In this case, we cannot say that it was an abuse of the trial court's discretion to permit inquiry into the matters of which the defendant now complains. This is especially true, insofar as that evidence clearly falls within the above stated exception to the general rule.

In the defendant's second proposition, he complains that the instruction given by the

trial court, concerning the admission of evidence of other alleged offenses committed by the defendant, was improper. In support of his proposition, defendant contends that the instruction given is essentially the same as the court's admonition to the jury in McMahan v. State, Okl. Cr., 354 P.2d 476, p. 483. This Court criticized the trial court's statement in that case. However, there is a difference between the McMahan statement to the jury, and the instruction given in the case at bar.

In the McMahan case, the trial judge said: "Members of the jury, *the state is now offering proof of other offenses.*" (Emphasis added). In the case at bar, the trial judge instructed the jury as follows: "You are further instructed that the court has permitted to go before you *testimony relating to other alleged offenses,* than the one charged in this information." (Emphasis supplied.) Throughout the instruction, the judge referred to "other *alleged* offenses." Admittedly, the word "offenses" is used in both cases, but in the McMahan case the Judge did not leave any question of fact for the jury to consider. As Judge Nix pointed out in the McMahan opinion:

"The language 'the state is now offering proof of other offenses' constitutes a prejudging of the evidence and an invasion of the jury's province."

In the case before us, the trial judge left the decision to the jury, as to whether or not the other alleged offenses were improper. Likewise, the court's instruction contains all the elements outlined as being proper in the McMahan case, as limiting the purpose for which the jury could consider said evidence. Maybe it would have been better for the judge to use, in lieu of the word "offense", such words as "acts", "deeds", "transactions", "incidents", "conduct", or "dealings". However, considering the facts at hand, because of the manner in which the instruction was given, the scope it covered, and its limiting effect for the jury's use,

we must conclude that it was a proper instruction.

Defendant contends in his third proposition that "he was denied a fair and impartial trial and his constitutional right thereto was infringed by certain inflammatory articles appearing in the Tulsa newspapers".

We have carefully studied the newspaper articles contained in the record and fail to find them to be inflammatory. Instead, they appear to report the proceedings with reasonable accuracy.

Defendant's fourth proposition complains of statements made by the county attorney during his closing argument. He specifically makes reference to the statement: "Stand up and show them, Pete, how it feels to be a thief." Reference is also made to other statements, which in substance was a rephrasing of certain testimony, coupled with a question, asked by the county attorney, followed by his own answer or statement.

We find in the record that the defense counsel offered several objections during the county attorney's closing; but to the statements he now complains of, no objection was offered. Defendant cites the McMahan case, supra, for his authority to support a reversal of this case. In that case, however, Judge Nix states the following:

"In such cases, counsel for the defense must not only object to improper statements of the county attorney in his argument to the jury, but he must go further and move the court to exclude such remarks from the jury and instruct them not to consider them for any purpose, unless the remarks were of such a character that the error would not be cured by a withdrawal of the remarks." (Numerous cases cited.)

We observe that counsel for defense was not astute in offering objections to other remarks made by the prosecutor; however he failed to comment or object to the statement of which he now complains.

We have carefully studied this entire record, and fail to find that the assignments of error offered by the defendant are sufficient to overturn the decision of the jury. Notwithstanding the fact that the defense counsel failed to offer timely objections, we have still studied each of his propositions without finding justification to change the judgment and sentence of the trial court.

Therefore, we must conclude and are of the opinion that the judgment and sentence imposed upon this defendant by the jury should be, and the same is hereby affirmed.

BUSSEY, P. J., and NIX, J., concur.