Clifford Leon **VANDERPOOL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A-16605.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1972.

872

Curtis A. Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Charles L. Pain, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge.

Appellant, Clifford Leon Vanderpool, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 70–2227, of uttering a forged instrument, after former conviction of a felony, and sentenced to ten (10) years imprisonment. Judgment and sentence was imposed on February 8, 1971, and this appeal perfected therefrom.

It was charged by information that the defendant, on November 18, 1970, did knowingly and with intent to defraud, utter a check, payable to defendant, drawn on the

First National Bank and Trust Company of Tulsa, on the account of Patricia A. or Gilbert A. Justice, with the knowledge that the signature of Gilbert A. Justice to said check was forged. It was also charged that the defendant had been convicted of forgery in Beckham County, Missouri in 1961.

Briefly stated the evidence established that on November 18, 1970, the defendant presented a check to a teller at the First National Bank in Tulsa, drawn on the account of Gilbert Justice. The check was admitted as State's Exhibit No. I. It was discovered that the account of Gilbert Justice had been closed; and that the signature on the check did not compare with the signature card for that account. The police were summoned and the defendant arrested at the bank. An examiner for the Oklahoma Bureau of Investigation testified that the check had been written by the defendant. Gilbert A. Justice testified that the defendant had stayed at his home for a few days in September of 1970; that Justice had lost some blank checks for an account at the First National Bank which had been closed; that the signature on the check in question was not his; and that he had not authorized anyone to draw such a check.

Defendant testified that he did write the check in question, but had done so with the permission of Mr. Justice and that it was not his intent to utter a forged instrument. Defendant admitted that he had previously been convicted of forgery, grand larceny, escape, and a Dyer Act violation.

Defendant contends that the trial court improperly allowed cross-examination of the defendant regarding the commission of other offenses for which defendant had not been convicted. This contention is based upon the cross-examination of the defendant by the prosecuting attorney, found in the record as follows:

"Q. Did you pass any of those checks anywhere else?

"A. Yes.

"Q. Where?

"A. I can't answer that.

"Q. You don't remember?

"A. What?

"Q. You don't remember?

"A. I don't remember?

"Q. Yes. That is what I said, you said you couldn't answer.

"A. Well, I could answer, yes.

"Q. But you won't?

"A. What?

"Q. But you won't?

"A. Well, I would if the judge so instructs me.

"THE COURT: Mr. Gaskill, [defense Counsel] do you want him to answer the question?

"MR. GASKILL: May I approach the bench, please?"

Defense counsel at this point entered an objection which was overruled by the court. The defendant then admitted passing another of the checks on the Justice account in Muskogee, Oklahoma.

It is fundamental that evidence of other offenses is generally inadmissible unless it falls within one of few well-defined exceptions which are stated in Moulton v. State, Okl.Cr., 476 P.2d 366 (1970):

"However, evidence of separate and similar offenses is admissible when it is material and proper to show (1) motive, (2) intent, (3) absence of mistake or accident, (4) identity of person charged with the commission of the crime for which an accused is put on trial, and (5) common scheme or plan embracing the two or more crimes so related to each other that proof of one tends to establish the other."

The common scheme or plan exception has been applied in forgery cases. See McCluskey v. State, Okl.Cr., 372 P.2d 623 (1962); Bewley v. State, Okl.Cr., 404 P.2d 39 (1965); Lewis v. State, Okl.Cr., 335 P.2d 654 (1959). "In a prosecution for uttering a forged instrument with intent to defraud, evidence of similar acts of forgery or uttering is admissible for the purpose

of showing a common scheme, plan or motive, or as bearing on the question of intent with which the act charged was committed." Burns v. State, 72 Okl.Cr. 409, 117 P.2d 144, 145 (1941). Accordingly, we find this proposition without merit.

 It is further assigned the trial court erred in ruling defendant's motion for a mistrial because of alleged improper comments by the prosecuting attorney in the closing argument. The record indicates that while the prosecuting attorney was challenging the defendant's testimony, he stated " . . . as to his reliability and character, look to his former convictions . . . " Defendant argues that the character of a defendant in a criminal case is not an issue, unless the defendant elects to make it an issue, and that the state cannot offer evidence of defendant's bad character. Greer v. United States, 245 U.S. 559, 38 S.Ct. 209, 62 L.Ed. 469; Scott v. State, 48 Okl.Cr. 7, 288 P. 999. The rule as stated by the defendant is correct. However, we do not think the remark challenged by the defendant constitutes a violation of this rule. It would appear that the prosecutor in his closing argument inadvertently used the word "character" when he should have used the word "credibility." The prosecutor's remarks as a whole, and taken in context, are directed solely to the credibility of the defendant as a witness. The prosecuting attorney was attempting to show the inconsistencies in defendant's testimony. We are therefore of the opinion that the remark of the prosecuting attorney was not so grossly improper, prejudicial, and unwarranted as to have substantially affected defendant's rights requiring a reversal or modification. Harvell v. State, Okl.Cr., 395 P.2d 331 (1964). Battle v. State, Okl.Cr., 478 P.2d 1005, 1007 (1970).

Lastly, it is contended that the trial court erred in overruling defendant's motion to strike the second page of the information charging a former felony conviction in Buchanan County, Missouri, for forgery in 1961, thus invoking the habitual criminal statute for enhancement of punishment. Defendant contended the Missouri conviction was suffered without benefit of counsel in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and thus the former conviction could not be used to enhance punishment under the rule of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319 (1967). In support of his motion defendant offered court minutes of the Missouri proceedings which state defendant appeared without counsel, entered a plea of guilty, and was subsequently sentenced. Defendant testified for his motion stating that no offer of counsel was made. On the day of sentencing an attorney in the courtroom who knew defendant's family was present, but this attorney did not participate in the proceeding or confer with defendant. No evidence was offered by the State that defendant had counsel or waived counsel. The court ruled that "the judgment and sentence having been entered in the Missouri case and being given at that time is proper and the court is going to overrule your motion to suppress the second page of the information." In so holding the court advised that "whether or not this judgment is void is something you are going to have to determine from a direct attack in Missouri."

 While the trial court is correct that Missouri is the proper forum in which to have that conviction set aside, that does not absolve a determination of whether the Missouri conviction may be admitted for purposes of enhanced punishment in an Oklahoma criminal trial. Under the rule of Burgett v. Texas an uncounseled conviction, one without presence of counsel, or a competent waiver, may not "be used against a person either to support guilt or enhance punishment for another offense." Admission of such a conviction is "inherently prejudicial" and cannot be considered as harmless error. 389 U.S. at 115, 88 S.Ct. at 262. Furthermore, "presuming waiver [of counsel] from a silent record is impermissible. The record must show . . . accused was offered counsel but intelligently and understandingly rejected the offer." Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70

(1962). To exclude an uncounseled conviction offered to enhance punishment, it is not necessary that the convicting court has set aside the conviction. The determination to exclude or admit evidence of a former conviction must be made in the court where admission is sought.

The record shows defendant was without counsel, and there was no evidence that defendant "was offered counsel but intelligently and understandingly rejected the offer." Accordingly, this uncounseled conviction from Missouri was inadmissible under Burgett v. Texas. Thus the enhancement of punishment under 21 O.S.1971, § 51, based solely on the Missouri conviction was error and the sentence must be modified within the range provided as if there were no former felony conviction. The sentence is therefore modified to a term of seven (7) years, 21 O.S.1971 §§ 1592, 1621, and as so modified, the judgment and sentence is hereby affirmed.

Modified and affirmed.

BUSSEY, P. J., and SIMMS, J., concur.