Terry L. WOODS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–752.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddel, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Terry L. Woods, A/K/A Bill Watts, appellant, was tried by jury and convicted of Uttering a Forged Instrument [21 O.S. 1981, § 1592], After Former Conviction of Two or More Felonies [21 O.S.Supp.1985, § 51(B)], in Case No. CFR–86–9, in the District Court of Craig County, the Honorable Jess B. Clanton, Jr., Associate District Judge, presiding. The jury set punishment at imprisonment for twenty (20) years. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

During the latter part of 1985, a group of checks belonging to Miss Pauletta Greenfield on her account at the Green County Federal Savings and Loan of Miami, Oklahoma, were either lost or stolen. Miss Greenfield was unaware of the missing checks until the bank notified her in December that her account was overdrawn.

On January 7, 1986, appellant passed one of Miss Greenfield's checks at Charlie's Convenience Store. The check in the amount of $60.00 bore the purported signature of Miss Greenfield and was endorsed on the back by Bill Watts of Seneca, Missouri. Appellant identified himself to the clerk as Bill Watts. Morris Nall accompanied appellant. The clerk at the store knew Mr. Nall and asked him if he knew appellant. Mr. Nall responded he did but claimed at trial that he did not know appellant had given the clerk the name of Bill Watts. Relying on Mr. Nall's verification of appellant's identity, the clerk cashed the check without asking appellant for any identification.

The following day, Mr. Nall learned from two friends that the check passed by appellant might be stolen. Mr. Nall notified the clerk. After the bank returned the check, the clerk gave it to a Craig County Deputy Sheriff and referred him to Mr. Nall. Appellant was arrested shortly thereafter.

At trial, Miss Greenfield testified she did not sign the check passed at the convenience store and provided a handwriting exemplar. She denied knowing appellant, Morris Nall or Bill Watts. Nor did she authorize anyone to sign her name on the check.

In his case-in-chief, appellant's common-law wife testified Morris Nall gave her husband the check, which was already endorsed by Bill Watts, and asked appellant to cash the check for him because the clerk at the convenience store knew Mr. Nall by name. Appellant testified he cashed the check as a favor for his friend. Appellant confirmed he identified himself to the clerk as Bill Watts, but did so as a favor to his friend and without intent to defraud the store owner. The gist of appellant's defense was betrayal by a friend. Morris Nall was not charged with this offense. Appellant argued Mr. Nall tried to avoid responsibility by shifting the blame to him.

For his first assignment of error, appellant asserts the prosecutor asked an improper question on cross-examination and made improper comments during closing argument, thereby depriving him of a fair trial. We disagree. Appellant failed to object to the question on cross-examination and to the comments in closing argument which he now finds objectionable. Failure to object waives all but fundamental error. *Weatherly v. State*, 733 P.2d 1331, 1338 (Okla.Crim.App.1987). After reviewing the alleged errors, we find none constituted fundamental error. *Id.* Neither the question nor the comments affected the fundamental fairness and impartiality of the proceedings. *See Dunagan v. State*, 734 P.2d 291, 293 (Okla.Crim.App.1987). Moreover, appellant received the minimum punishment permitted under 21 O.S.Supp.1985, § 51(B), indicating the jury was not influenced by the comments. *Fixico v. State*, 735 P.2d 580, 583 (Okla.Crim.App.1987). This assignment of error is without merit.

For his final assignment of error, appellant asserts he was denied a fair trial because, 1) the State introduced improper hearsay evidence, and 2) the State introduced improper other crime evidence. We disagree.

During direct examination of Morris Nall by the prosecutor, the following colloquy occurred:

Q. Okay, now Morris, did you learn after that time that the checks had been stolen.

A. Yeah.

Q. How long after that check was passed did you learn that it had been stolen.

A. The next day.

Q. And from whom did you learn that.

A. From Diane Kearnes in Miami.

Q. From Diane Kearnes in Miami.

A. Yeah. And Mark Payton.

Q. And Mark Payton.

A. Yeah.

Q. And they told you that the checks had been stolen from Pauletta Greenfield.

A. Yeah.

Mr. Ryals: Objection, your Honor. What they said.

Court: Overruled, its been asked and answered.

Mr. Nall then testified he acted upon this information by telling the clerk that the check might be stolen.

■■■ A timely specific objection is necessary to preserve for appellate review the improper admission of evidence at trial. 12 O.S.1981, § 2104(A)(1). A timely objection is one "made as soon as the applicability of the objection is, or reasonably could be, known to the opponent." 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 19 (1985). Here, defense counsel should have been aware that a hearsay objection could be applicable as soon as the prosecutor asked Mr. Nall "from whom did you learn that [the checks had been stolen]." Witness Nall gave the names of two people and a total of four answers to the prosecutor's questions before trial counsel entered an objection. Clearly, the objection was not timely within the meaning of Section 2104(A)(1), and was thus inadequate to preserve the asserted error for appellate review. *Id.* at 19. When an improper question results in an improper answer before there has been an opportunity to object, a motion to strike should be entered under Section 2104(A)(1) to cure the error and preserve the issue for appeal. *Id.* at 20. In the instant case, however, trial counsel had a fair opportunity to make a timely objection but failed to do so. Therefore, a motion to strike would have been inadequate to preserve the error. For these reasons, this issue was not properly preserved for appellate review. In any event, the hearsay rule is only applicable when an out of court statement is offered to prove the truth of the matter asserted. *Nunley v. State*, 660 P.2d 1052, 1055 (Okla.Crim. App.1983), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 179 (1983). When a statement is relevant simply because it was made, it is not hearsay and not excludable from testimony. *Id.* Because the statement was introduced to show that the witness relied and acted upon the out of court statement, and not to prove the check was stolen, it was not objectionable on hearsay grounds. *See* 2 *Wharton's Criminal Evidence* § 266 (C. Torcia, 14th ed. 1986). This assignment of error is without merit.

Appellant next argues the trial court erred by admitting other crime evidence. Appellant's common-law wife testified Morris Nall gave the check to her husband to cash for him. On cross-examination, Mrs. Woods testified she never saw her husband with any of Miss Greenfield's checks other than the one in question, and she was positive her husband had not given any of Miss Greenfield's checks to Bea Boyd. Appellant testified he did not know the check was forged and only made a stupid mistake by cashing the check for his friend. On cross-examination, appellant denied having any of Miss Greenfield's checks other than the one he passed at the convenience store and denied giving one to Bea Boyd.

On rebuttal, the State called Miss Bea Boyd, who testified she lived with appellant and his wife from January 7 until January 9, 1986. She admitted pleading guilty to uttering a forged instrument. The instrument she passed was one of Miss Greenfield's checks, which she received from appellant. Appellant did not object to Miss Boyd's testimony and cross-examined her. Appellant did, however, later move for a mistrial based upon this other crime evidence, which motion was overruled.

Appellant argues first, that the State failed to give him advance written notice of

the other crime evidence, as required by *Burks v. State*, 594 P.2d 771, 774 (Okla. Crim.App.1979); and second, that the introduction of the other crime evidence prejudiced him, thereby depriving him of a fair trial.

 Appellant failed to object to the introduction of this testimony. The procedures outlined in *Burks* do not relieve trial counsel of the need to object to the introduction of other crime evidence. *Id.* at 775. Further, the requirement of pre-trial notice does not apply to rebuttal evidence, as the State cannot know with certainty prior to trial what evidence may become relevant at trial. *Freeman v. State*, 681 P.2d 84, 85 (Okla.Crim.App.1984); *Smith v. State*, 695 P.2d 864, 868 (Okla.Crim.App.1985). In addition, appellant testified he did not intend to utter a forged instrument but thought the check was good and merely made a mistake in trying to help a friend. He also denied possessing any of Miss Greenfield's other checks. On rebuttal, the State offered Miss Boyd's testimony to prove lack of mistake and to show that appellant knew the check he passed was a forgery and that he did so with intent to defraud the store owner. *See* 12 O.S.1981, § 2404(B); *Sweatte v. State*, 732 P.2d 476, 477 (Okla. Crim.App.1987); *Vanderpool v. State*, 501 P.2d 871, 873–74 (Okla.Crim.App.1972); *Lott v. State*, 491 P.2d 337, 340 (Okla.Crim. App.1971). Accordingly, we find no error in admitting the other crime evidence offered in rebuttal. Nor can we subscribe to appellant's argument that failure to object to the hearsay evidence or to the other crime evidence constituted ineffective assistance of counsel, as the evidence was properly admitted. This assignment of error is without merit.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.